HIBBARD, respondent, *v.* TOMLINSON, appellant.

CASE AFFIRMED. The case of *Rader* v. *Nottingham, ante,* 157, holding that no appeal lies from an order overruling a motion to re-tax costs in the district court, affirmed.

MOTION TO RE-TAX COSTS. A motion to re-tax costs must be supported by the records of the case, or affidavits, or a statement showing the illegal charges.

STATUTORY CONSTRUCTION — COSTS. The 417th and 551st sections of the Civil Practice Act regulate costs on appeal, and must be construed together.

COSTS ON APPEAL FROM PROBATE TO DISTRICT COURTS. In an action for the claim and delivery of personal property, the party who appeals to the district court from a judgment rendered against him in the probate court, for the wrongful detention of the property, and reduces the amount of the damages more than $10, is not entitled to his costs on the appeal.

*Appeal from First District, Gallatin County.*

THE judgment was rendered by SERVIS, J.

S. WORD and PAGE & COLEMAN, for appellant.

The only question raised by appellant is the taxation of the costs. The judgment against appellant in probate court was $280.42; in district court it was $1 and costs. The court erred in refusing to tax all the costs on the appeal against respondents. Civ. Pr. Act, § 417.

The court erred in refusing to re-tax costs taxed illegally in probate court. *Votan* v. *Reese*, 20 Cal. 90.

Respondents failed to recover judgment in district court for $50. Civ. Pr. Act, § 546.

The appeal from the probate to district court was a new trial in its effect upon costs. *Wendell* v. *Lewis*, 8 Paige, 613.

Appellant was entitled to costs under the statute. Civ. Pr. Act, § 417. He reduced the judgment appealed from more than $10. This is the intention of the law.

The question of allowing costs in this action is not a matter of discretion with the court. It is governed by the statute. It does not come within section 551 of the Practice Act. It is not a case in which the judgment has been modified. Appeals from probate courts must be tried *de novo*. This case has been tried *de novo*, and judgment of probate court has been reduced $280. This reduction is equivalent to the recovery of this sum by appellant, and should entitle him to recover his costs on appeal.

The appeal from the probate court is from the whole judgment therein rendered. If the costs of that court form a part of the same, the appellate court should correct the judgment.

J. J. DAVIS and C. W. TURNER, for respondents.

This appeal should be dismissed; it is taken from orders which are not appealable. Civ. Pr. Act, § 369; *Lasky* v. *Davis*, 33 Cal. 678. No errors are assigned against the judgment.

The verdict for respondents was general, and respondents should have judgment for all they claim, except special damages. Civ. Pr. Act, §§ 215, 217, 237, 240.

Appellant never sought to correct the costs when the case was in the probate court. He should have moved to re-tax the same before he appealed to the district court. Civ. Pr. Act, § 418;

*Wendell* v. *Lewis*, 8 Paige, 617. The record does not show any illegal costs in the probate court.

KNOWLES, J. The notice of appeal in this case sets forth that the appeal is taken from the order overruling the defendant's motion for judgment for costs. Also, that they appeal from the order overruling their motion to re-tax costs taxed in the probate court. Lastly, the notices specified, "That the defendants appeal from the whole of the judgment rendered against them in said cause, in said district court, on the 1st day of November." Upon an examination of the record we find that the judgment determining the merits of the case was entered November 1st, 1873. In the case of *Rader* v. *Nottingham, ante*, 157, we held that no appeal lies under our statutes from an order overruling a motion to tax or re-tax costs. Our statutes regulate appeals, and there is no right given of appeal in them from an order overruling a motion to tax or re-tax costs. There being no appeals from such orders, this court has no jurisdiction to review the question raised by them when appealed from.

The appeal from the judgment on the merits of the case, however, properly brings these orders before us for consideration.

From the record it appears that there was a motion to re-tax the costs which had been adjudged in the probate court, and also a motion to tax all of the costs of appeal to the plaintiff, for the reason that the defendants in the district court reduced the judgment of the probate court in the district court more than $10. There is nothing presented to this court in the record, or set forth in the motion itself, to re-tax the costs allowed in the probate court, that shows wherein either the probate court committed any error in taxing these costs, or the district court in overruling the motion to re-tax them. There is nothing in a motion to re-tax costs that requires that it should be entertained without some showing to support it. A motion to re-tax costs should always be supported, either by the records in the case, or by affidavits showing the illegal charges, or by a statement presenting them. Something must be presented to the court that will show that some charges have been improperly allowed as costs. From the order presented in the record, overruling the motion to re-tax costs in the probate court,

we are led to infer that the court below based his ruling upon these considerations. They come to us with equal force, and hence we sustain the ruling of the court below in this particular

In considering the second motion, we are met with section 417 of our Practice Act, which provides: " If the party appealing to the district court, as provided in this act, shall fail to reduce or enlarge the judgment appealed from, $10 or more, or reverse the same in said district court, he shall not recover any of the costs of appeal."

It is claimed that, by restricting the appellant from recovering costs, unless he enlarge or reduce the judgment appealed from $10, by necessary inference, if he does enlarge or reduce the judgment that amount, he would be entitled to a judgment for his costs. This is a negative statute prohibiting costs, and there are no rules for the construction of statutes that would allow a negative statute to be construed as an affirmative one. In Sedgwick's Stat. and Const. Law, 40, upon the subject of Negative Stat utes, I find this : " The different operation of affirmative and negative statutes," says Mr. Dwarris, is thus illustrated : " If a statute were to provide that it should be lawful for tenant in fee simple to make a lease for twenty-one years, and that such lease should be good, this affirmative statute could not restrain him from making a lease for sixty years." The enacting of such a statute would lead to just as strong an inference that a lease for more than twenty-one years would not be lawful, as a statute that prohibits costs on appeal, unless a judgment is reduced or enlarged $10, gives costs when that is the case. In this same authority the rule is laid down that, in order to prevent a person from making a lease for more than twenty-one years, there must be negative words in the statute prohibiting it. The legal effect of a negative statute is to take away some former right that existed at common law, or to repeal or modify some previous statute. Sedgwick's Stat. and Const. Law, 40. What rights, as to costs, did the appellant have at common law ? At common law no costs, as costs, were allowed. There were some English statutes that gave costs, which would be enforced with us, but these do not touch a question of this kind. 2 Bac. Abr. 484. This statute, then, could not be a restriction or modification of a common-law right.

Section 551 of our Practice Act is as follows : " In the following cases the costs of an appeal shall be in the discretion of the court : First, when a new trial is ordered ; second, when a judgment is modified." This statute, and that of section 417, are in *pari materia.* They refer to the same subject — costs on appeal. In construing statutes, where the intention of the legislative assembly is doubtful, all statutes in *pari materia* shall be taken and construed together as one system, and as explanatory of each other. Sedgwick's Stat. and Const. Law, 247.

Taking these two statutes together, and the meaning of section 417 becomes apparent. By section 551, in all cases of this kind the taxing of costs is discretionary with the court. Section 417, however, modifies this discretion, and says that unless the appellant shall enlarge the judgment he appeals from, if it is in his favor, $10 or more, or, if it be against him, and he fails to reduce it $10 or more, then he shall not recover his costs on the appeal. And, as the common law gives no costs in such cases, he cannot recover any under its rules. And, as the statute gives him no costs, it is evident he cannot recover them. With this view of the statutes under consideration, it is apparent that, in this case, the taxing of costs rested in the sound discretion of the court below. It is not claimed that there was any abuse of this discretion. Upon the examination of the record in the case we are unable to perceive that there was any. The main issue in this case was the right to certain property. It was impossible for the court to find what amount of the costs in the case were made in reducing the judgment for damages and what amounts were made in trying the main issue. It would not be just for the appellant to gamble for a verdict on the main issue, and put the respondent to great costs on this issue, and then, because he reduced the judgment for damages, which was merely incidental to the main issue, $10 or more, he should have judgment for all of his costs, on appeal. We find no error in the court in overruling his motion therefor.

Judgment of the court below affirmed, with costs.

*Judgment affirmed.*