FIRST NATIONAL BANK OF HELENA, APPELLANT,
v. NEILL ET AL., RESPONDENT.

[Argued September 5, 1893.   Decided October 2, 1893.]

ATTACHMENT—*Judgment against garnishee on default.*—Where a county board answers to a garnishment that it has money due to a firm of which the defendant in the attachment suit is a member, but that it does not know to which member it may be due, and a suit is afterwards brought by the attachment plaintiff against the board and such defendant, the failure of the board to appear or answer in such suit does not entitle the attachment plaintiff to a judgment against it where it is determined upon the trial that the board when garnished had no funds belonging to its said codefendant.

RETAXATION OF COSTS—*Docket fee.*—The action of the trial court in refusing to tax a docket fee upon the granting of a motion to retax costs may be reviewed upon appeal from the judgment.

SAME—*Docket fee—Statutory construction.*—The provision of section 509 of the Code of Civil Procedure, that where the moving party prevails upon a motion to retax costs improperly included in a memorandum of disbursements "there shall be taxed," as a part of the costs of such motion, a docket fee of twenty-five dollars, is mandatory, and the taxation of such fee upon the allowance of a motion is not a matter within the discretion of the court.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action by judgment creditor against garnishee.   Judgment was rendered for the defendant below by HUNT, J.   Modified and affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff herein is a judgment creditor of the defendant Henry Neill. It brings this action to obtain moneys which it claims are in the hands of defendant, the board of county commissioners, and which belong to its judgment debtor, Henry Neill. In the former action of the bank against Henry Neill, the action in which it obtained judgment against Neill, it caused notice of garnishment to be served on the board of county commissioners. To that notice of garnishment the commissioners replied that there was a contract between the commissioners and R. A. Bell & Co., and that that company consisted of R. A. Bell and Henry Neill, the defendants herein; that there was a considerable amount of money remaining due to said Bell & Co.; and that "the board does not know to whom they may be due, other than above stated, but they are due to whomsoever may be entitled thereto under the contract." In this action answers were filed by R. A. Bell and Henry Neill and John S. M. Neill. The board of commissioners filed no answer. The plaintiff alleges in its complaint that Bell had sold his interest in the partnership to Henry Neill, but this allegation was abandoned upon the trial. The case was tried to a jury. Upon the trial, it was shown that there were in the possession of the board of commissioners, on account of the contract mentioned, fifteen hundred and eighty-one dollars and fourteen cents. It was admitted by all parties that defendant Bell was entitled to receive of this money nine hundred and sixty-five dollars and eleven cents. Evidence was taken, and the jury made findings, which were adopted by the court, as follows: Henry Neill assigned his interest in the contract to John S. M. Neill, February 4, 1892, which was prior to the garnishment in the case of the bank against Henry Neill. N. J. McConnell had a third interest in the firm of R. A. Bell & Co. Henry Neill and John S. M. Neill had drawn out all their share in the moneys upon said contract. The sum of five hundred and thirty dollars, in addition to the amount awarded to Bell, now in possession of the board, is the property of N. J. McConnell. On the 25th of March, 1892, the date of the garnishment of the board of commissioners, Henry Neill had no interest in the profits or

proceeds of said contract. Prior to that date he had drawn out, or sold to John S. M. Neill, all his interest in the contract, and the county commissioners knew this fact before the service of the garnishment. Upon these findings the plaintiff asked the court for judgment against Henry Neill and John S. M. Neill and the commissioners of Lewis and Clarke county. This motion was by the court denied, and judgment was ordered entered against the plaintiff for costs. The plaintiff appeals from this judgment.

*Toole & Wallace*, for Appellant.

*Word & Smith*, for Respondent.

De Witt, J.—It is observed that the plaintiff herein was a judgment creditor of the defendant Henry Neill, in an action other than the one at bar. In that action the defendant herein the board of county commissioners was garnished. It replied that under a contract between it and the firm of R. A. Bell & Co., of which Henry Neill was a member, there were moneys due to that firm. On the trial of this case, it developed that part of the moneys in the hands of the board of county commissioners belonged to Bell. This was conceded by all parties, and was so found. It also appeared, and was found, that the remainder of the moneys belonged to one N. J. McConnell, a member of the firm of Bell & Co. So that the result of the trial established that the board of commissioners, garnishee in the case of *Bank* v. *Henry Neill*, had no money whatever belonging to Henry Neill. Why, then, should the district court enter a judgment against the board of commissioners, the effect of which would be to require that board, as garnishee, to pay moneys to the judgment creditor of Henry Neill, when it was determined that such board, garnishee, had no funds of said Henry Neill, the judgment debtor? The plaintiff, and appellant herein, answers this query by relying upon the fact that in this case the board of commissioners, one of the defendants herein, did not answer in this case, or appear in the trial, and as a consequence the allegation of the complaint that the board had funds of Henry Neill must be taken as true. We cannot concede this view. The board of commissioners had

no interest in this action. It held moneys due to R. A. Bell & Co., as it stated in its reply to the garnishment. It was of no consequence to it how this 'money was distributed among the members of the firm of R. A. Bell & Co. The board was simply a stakeholder. The matter as to whether the judgment debtor of the bank had an interest in this stake was litigated, and determined adversely to the bank, plaintiff. This was determined on issues made by defendants' answer. The findings are not attacked. They are therefore all true. Henry Neill had no interest in the funds in the hands of the board of commissioners. Therefore, there was nothing for the bank to reach, and judgment in its favor against the board of county commissioners was properly refused.

The plaintiff, having appealed from the judgment, asks us to review the action of the district court in refusing to tax a docket fee of $25 against the defendants, upon the granting of plaintiff's motion to retax the costs. (Code Civ. Proc., § 509.) Such review may be had on an appeal from the judgment. (*Rader* v. *Nottingham,* 2 Mont. 157; *Hibbard* v. *Tomlinson,* 2 Mont. 220.)

The Code of Civil Procedure has the following provisions: "The party in whose favor judgment is rendered, and who claims his costs, shall deliver to the clerk of the court, within two days after the verdict or decision of the court, a memorandum of the items of his costs and necessary disbursements in the action or proceeding; which memorandum shall be verified by the oath of the party, or his attorney, stating that the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding." (§ 507.) "But such memorandum need not include the legal fees and costs of any officer of the court, or any witness fees when an affidavit of such witness' attendance is required by law to be made." (§ 508.) A witness is required by law to make his affidavit of his per diem and mileage. (Code Civ. Proc, § 511.) The defendants filed their memorandum of costs and disbursements, which were duly verified. Such memorandum included, as it need not (§ 508), sheriff's costs, at $4.40, and witnesses fees of John P. Ketchum, $3, as disbursements by defendants. The plaintiff moved to retax the costs. On this

motion the court reduced the sheriff's fees from $4.40 to $2.20, and struck out the witness fees of John P. Ketchum, $3, because, although he was summoned by defendant, he was not called to testify, and appeared to be an unnecessary witness.

The plaintiff, having prevailed in its motion, and having succeeded in retaxing the costs, insists that the court should tax as a docket fee the sum of $25. Counsel relied upon section 509 of the Code of Civil Procedure, which is as follows: "If any party shall include in such memorandum any item to which he is not entitled, or if any clerk, sheriff, referee, or other officer shall include such item in the taxed costs, and a motion to retax the same shall be made by the party against whom the same is taxed, and if such motion to retax shall prevail, there shall be taxed as a part of the cost of such motion, a docket fee of twenty five dollars, and judgment therefor, with the other costs allowed by law, shall be entered against the party, sheriff, referee, clerk, or other officer who so unlawfully taxed the same, and the same may be offset against any costs or judgment in favor of the party or officer so improperly taxing such cost, and against the party making such motion; or if no such judgment exists, the court may direct that the party making such motion have execution therefor." The court refused to tax this docket fee. This is assigned as error.

The appellant contends that this provision for taxing this $25 is mandatory. The respondents insist that it is directory only, and that, therefore, it was a matter of discretion on the part of the court. The language of section 509 is, without question, mandatory. It is, "shall be taxed." Is there reason, under the rules of construction, why this clear mandatory language should be construed to be directory? Before a provision, mandatory in terms, is held to be directory, some reason should be advanced for so doing. This section of the statute (509) calls this $25 a "docket fee." The term "docket fee" would seem to describe a fee for docketing something. But this fee is not charged for docketing the motion, but is to be allowed upon the prevailing of the same.

A docket fee is one that is charged "of course," as, for instance, for docketing a case or a judgment. But considering the meaning of the word "docket" as nearly as that meaning

will apply to the circumstances surrounding its use in this section, it would appear to be indicated that this should be considered a " docket fee," and taxable " of course," if the motion prevails, and that would seem to be the significance of the use of the word " docket " in describing this fee of $25. It is to be observed that this $25 docket fee, so called, is aimed, not only at an offending party, but at an offending officer, such as a sheriff, referee, or clerk. If either one of these parties offend by charging and filing accounts to which he is not entitled the injured person against whom the charge is made is obliged to obtain that charge to be set aside; otherwise he is liable to pay it upon an execution on the judgment. He therefore attacks that wrong by moving to retax the costs. He is put to the labor, and perhaps expense, of making this motion. If the wrongful charge had not been made against him, he would not have had this labor. We are of opinion that the statute intends to give him compensation for this labor and expense. But it does not give him this compensation unless he demonstrates that his contention as to the wrongfulness of the charge against him is correct; that is, if he prevails in his motion, he is to have a $25 fee. We do not understand that the person against whom this penalty is taxed has any cause for complaint. If he is a party, he knows what he has " necessarily disbursed " (§ 507), and it is his own fault if he charges more. If he is an officer, he knows what fees the law allows him, and he is not excusable in charging more. If such a thing occurred as one being in doubt as to a charge, he could move the court for its allowance, without risk of subjecting himself to the penalty.

As to whether language should be construed as mandatory or directory, the doctrine is well stated in *Wheeler* v. *City of Chicago*, 24 Ill. 105, 76 Am. Dec. 736, as follows: " The word ' may ' is construed to mean ' shall ' whenever the rights of the public or third persons depend upon the exercise of the power or performance of the duty to which it refers. And so, on the other hand, the word ' shall ' may be held to be merely directory when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or the individual, by giving it that construction. But if any right to

any one depends upon giving the word an imperative construction, the presumption is that the word was used in reference to such right or benefit.  But where no right or benefit to any one depends upon the imperative use of the word, it may be held to be directory merely."  So in the case at bar.  The moving party's right to his compensation given by statute for the trouble and expense of his motion depends upon giving the word " shall " an imperative construction; and as remarked in the Illinois case, " the presumption is that the word was used in reference to such right or benefit." (See, also, *Blake* v. *Portsmouth etc. R. R. Co.,* 39 N. H. 435; *Ex parte Jordan,* 94 U. S. 251; Sedgwick's Statutory and Constitutonal Law, 316–25.

We are of opinion that there is no reason why the language of section 509 should be construed to be directory, instead of being, as the text is, mandatory.   The items retaxed here were sheriff's fees and a witness' *per diem.*   The parties need not have put these into their memorandum.   (§ 508.)   But they put them in, and verified their memorandum that the items were correct, and that those disbursements had been necessarily incurred.   They made the items their own, and swore that they had necessarily incurred them.   But the investigation on the motion to retax showed otherwise.

This is the first time that the statute has been before this court for construction, and we have given it our careful consideration, and are satisfied that we have arrived at the intent of the legislature.   We are of opinion that the view we have adopted is not only the reasonable, plain, and necessary interpretation of the statute, but that it will establish a very wholesome rule of practice.   The only objection that can be urged to it is the possibility of its being, perhaps, a severe punishment to persons making innocent mistakes in taxing costs.  But with the clear knowledge that must be possessed by persons taxing the costs, we think that innocent mistakes will be a very rare occurrence; and even when they do happen, it must be remembered that the innocent mistake injures the party against whom it is made quite as much as if the mistake were wholly malicious, and if any one should suffer, it is more just that it be he making the mistake, rather than he against whom it is made.

The case is remanded to the district court, with directions to tax the docket fee of $25 against the defendants, and that the judgment, as it will be so modified, be affirmed.

*Modified and affirmed.*

PEMBERTON, C. J., and HARWOOD, J., concur.