G. A. PARROTT, APPELLANT, *v.* MARGARET MORASE
ET AL., RESPONDENTS.

[Submitted June 7, 1897.   Decided June 14, 1897.]

*Appeal from Justice—Costs.*

On an appeal to the District Court judgment against defendants was reduced more than
$10.  The plaintiff did not move that the costs be divided, but filed a memorandum, in-
cluding all the costs incurred in the appeal,  *Held,* not error to sustain defendants
motion to retax costs, and to charge plaintiff with a docket fee of $25,—in view of
Compiled Statutes 1897, Section 502, providing that, when judgment of a court below
shall be affirmed in part, the court shall divide the costs according to the justice of
the case; and Section 825, providing that, if a party on appeal fails to reduce the judg-
ment $10 or more, he shall not recover the cost of the appeal; and Section 509, auth-
orizing a docket fee of $25 to be charged against a party including an item to which he
is not entitled in a memorandum of costs required to be filed by Section 507.

*Appeal from District Court, Fergus County.   Dudley Du
Bose, Judge.*

ACTION by G. A. Parrott against Margaret Morase and an-
other.   From an order retaxing costs and the taxation of a
docket fee, plaintiff appeals.   Affirmed.

Statement of the case by the justice delivering the opinion.

The suit was originally commenced in the court of a justice
of the peace in Fergus county.   In that court plaintiff re-
covered judgment for $52.   The defendants appealed to the
District Court for said county.   On the trial *de novo* in the
District Court the defendants reduced the judgment to $35.
Thereupon plaintiff filed his memorandum of costs and dis-
bursements, in which he included and claimed all the costs in-
curred in both the Justice and District Courts, which costs
were included in the judgment, amounting in all to $57.
Whereupon the defendants filed their motion to retax the
costs, on the ground that plaintiff had improperly included in
his memorandum of costs the costs incurred by reason of the
appeal to the District Court, for the reason that the defend-
ants had reduced the amount of plaintiff's judgment more than
$10 on the appeal.

The court sustained the motion of defendants to retax costs, and taxed a docket fee of $25 against plaintiff. From this action of the court the plaintiff appeals.

*William M. Blackford*, for Appellant.

*Van Tobel & Cheadle*, for Respondents.

PER CURIAM.—It is conceded that the Compiled Statutes of 1887 are controlling on this appeal. Sections 502, 509 and 825, Code of Civil Procedure, of the statutes, are as follows :

"Section 502. In all cases of appeal from the judgment of Probate Court or justice of the peace, when the judgment of such Probate Court or justice of the peace shall be wholly affirmed or reversed, the party succeeding shall recover from the opposite party his costs, not only in the District Court, but before the Probate Court or justice of the peace, and shall have his execution therefor. When the judgment of the court below shall be affirmed in part, then the court shall divide the costs between the parties according to the justice of the case."

"Section 509. If any party shall include in such memorandum any item to which he is not entitled, or if any clerk, sheriff, referee or other officer shall include such item in the taxed costs, and a motion to retax the same shall be made by the party against whom the same is taxed, and if such motion to retax shall prevail, there shall be taxed, as a part of the cost of such motion, a docket fee of twenty-five dollars, and judgment therefor, with the other costs allowed by law, shall be entered against the party, sheriff, referee, clerk or other officer who so unlawfully taxed the same. and the same may be offset against any costs or judgment in favor of the party or officer so improperly taxing such costs, and against the party making such motion; or if no judgment exists the court may direct that the party making such motion have execution therefor."

"Section 825. If the party appealing fail to reduce or enlarge the judgment appealed from ten dollars or more, or re-

verse the same in the District Court, he shall not recover any of the costs of the appeal.''

Section 507 of the same code requires the party in whose favor the judgment is rendered to file with the clerk, within two days after verdict, a memorandum of costs and disbursements verified by oath.

The appellant relies chiefly upon *Hibbard* v. *Tomlinson*, 2 Mont. 220, for a reversal of the action of the lower court. In that case the court simply held, under what is now section 825, quoted above, that the taxing of costs was a discretionary matter with the court. The other sections quoted in the statement above do not appear to have been referred to in *Hibbard* v. *Tomlinson.*

Section 502, *supra*, provides that, when the judgment of the court below shall be affirmed in part, the court shall divide the costs between the parties according to the justice of the case. Under this section, it became the duty of plaintiff to apply to the court for an order dividing the costs between the parties, instead of including all the costs incurred in both courts in his memorandum of costs and disbursements, and having them entered as part of the judgment. By so doing, he included in his memorandum costs to which he was not entitled.

This action compelled defendants to take the necessary steps to retax the costs, and, the court having properly retaxed the costs, the plaintiff became amenable to the provisions of section 509, *supra.* The court, having held that plaintiff had included, in his memorandum and judgment, costs he was not entitled to, acted properly in taxing a docket fee of $25 against him.

The judgment and order appealed from are affirmed.

*Affirmed.*