In re Chris H. EDWARDS, Linda L. Edwards, Debtors.

Bankruptcy No. 79–01281–BKC–TCB.

United States Bankruptcy Court, S. D. Florida.

Dec. 20, 1979.

A. M. Schwitalla, Coral Gables, Fla., for Chris and Linda Edwards.

## ORDER ON DEBTOR'S MOTION FOR CONTINUANCE

THOMAS C. BRITTON, Bankruptcy Judge.

These two cases were filed separately by a husband and wife. They have been consolidated. The husband appears to be in the military service, stationed in the Philippines and there is no present indication when he will return to this Country.

When these cases were filed, the debtors anticipated he would be here on leave in time to testify before his creditors. The leave was cancelled.

The debtors' counsel has called my attention to the provisions of the Civil Relief Act of 1940, 50 App. Section 521, which gives a serviceman a mandatory stay of any lawsuit filed by or against him:

"  .   .   .   unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

I find only one reported case discussing the application of this provision to a bankruptcy case. *Gayle v. Jones*, D.C.La.1945, 63 F.Supp. 481. That decision is not directly analogous here.

All of the assets and debts of this family are jointly owned and owed by the husband and wife. The wife is here and is in possession of all the assets. At the creditors' meeting she appeared and testified as to all matters pertinent to this case and stated that, to the best of her knowledge, the information furnished by her would be the same information to be furnished by 'her husband. No creditors attended the meeting. Notwithstanding the provisions of 11 U.S.C. § 343, I conclude that the husband's failure to appear and testify at the creditors' meeting in this instance may be excused.

The trustee has now objected to the debtors' claim of exemptions. (C.P. No. 12) The matter was heard on December 19, 1979. The debtors have not received a copy of the objection and, for that reason, the matter is continued to *January 9, 1979 at 9:30 A.M. in*

*Courtroom No. I, 808 Ainsley bldg., 14 N.E. First Avenue, Miami, Florida,* unless the trustee and the debtors reach agreement.

At the hearing, this court will expect the wife to provide the testimony relevant to the position of both debtors. I see no reason why this case cannot proceed to conclusion without the presence of the debtor husband, it being my opinion that his ability to prosecute this case is not materially affected by reason of his military service.