**In re Larry Lee GARBER, Barbara Marie Garber, Debtors.**

**In re James Edward PRAHM, Debtor.**

**In re Thomas Michael VIGIL, Debtor.**

**Bankruptcy Nos. 79–24317–PE, 79–24949–PE and 79–25189–PE.**

United States Bankruptcy Court, C. D. California.

June 18, 1980.

E. M. Kruse, Anaheim, Cal., for Larry Lee Garber and Barbara Marie Garber.

John P. Stodd, interim trustee, Santa Ana, Cal.

James F. Davis, Whittier, Cal., for James Edward Prahm.

Jon R. Stuhley, trustee, Santa Ana, Cal.

A. C. Pierce, Orange, Cal., for Thomas Michael Vigil.

## ORDER RE FAILURE OF DEBTOR TO APPEAR AT DISCHARGE AND DISCHARGEABILITY HEARING UNDER 11 U.S.C. § 524(d)

PETER M. ELLIOTT, Bankruptcy Judge.

The above named debtors have failed to appear at their respective discharge and dischargeability hearing although ordered to do so by this court. In this District, the debtor's discharge is not entered until the debtor appears for the discharge hearing.

What disposition should be made of a debtor's Chapter 7 case when the debtor fails to appear for the discharge and dischargeability hearing under 11 U.S.C. § 524(d)? That section provides in part that the court *shall* hold a hearing and that the debtor *shall* appear in person (emphasis added).

This is an unusual requirement, to say the least. I am in full accord that reaffirmation agreements should not be enforceable unless approved by the court. However, the reason for requiring a debtor, who does not propose to reaffirm any debt, to appear in court to be informed of his rights escapes me, especially when we consider that the debtor has already lost one day away from work to attend the meeting of creditors under 11 U.S.C. § 341(a).

If "shall" has a mandatory meaning, it follows that either the debtor's discharge should be denied for failure to obey a lawful order, 11 U.S.C. § 727(6)(A), or the case should be dismissed for cause, 11 U.S.C. § 707. Both remedies are harsh and would serve no useful purpose.

In *Wisdom v. Board of Supervisors of Polk County*, 236 Iowa 669, 19 N.W.2d 602, 608, 609, the court construed "shall" to be permissive rather than mandatory. At page 608 the court quoted from *First National Bank of Helena v. Neill*, 13 Mont. 377, 34 P. 180 as follows:

"The word 'may' is construed to mean 'shall' whenever the rights of the public or third persons depend upon the exercise of the power or performance of the duty to which it refers. And so, on the other hand, the word 'shall' may be held to be merely directory when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or to the individual, by giving it that construction. But, if any right to anyone depends upon giving the word an imperative construction, the presumption is that the word was used in reference to such right or benefit. But, where no right or benefit to anyone depends upon the imperative use of the word, it may be held to be directory merely."

Under the authorities cited in the foregoing cases, the use of "shall" in § 524(d), directing the court to hold a hearing, is mandatory and the use of "shall" in directing the debtor to appear at that hearing, is directory only, and no penalty should be imposed on the debtor for failure to appear. Accordingly,

IT IS ORDERED that the Order of Discharge of the above debtors be entered.