**In re Wallace Robert KEEFE, Debtor.**

**Bankruptcy No. 80–00592.**

United States Bankruptcy Court, E. D. Virginia, Alexandria Division.

Dec. 9, 1980.

Michael D. Kaydouh, Arlington, Va., for debtor.

## MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

The question before the Court is whether a debtor who has suffered a mental breakdown must, nevertheless, appear in person at the Section 524 (11 U.S.C. § 524) discharge hearing.

The debtor, Wallace Robert Keefe, filed his voluntary petition in bankruptcy on June 12, 1980. The debtor attended the first meeting of creditors on July 11, 1980. The last day set for the filing of objections to discharge (11 U.S.C. § 727) or exceptions to discharge (11 U.S.C. § 523) was fixed as September 10, 1980. On said date no objections under either Section 727 or Section 523 had been filed by creditors. A reminder notice of discharge was issued by the Clerk's office of this Division of the United States Bankruptcy Court for the Eastern District of Virginia to the debtor and his counsel, Michael D. Kaydouh, Esquire, for the purpose of advising them that a discharge hearing, pursuant to 11 U.S.C. § 524(d), would be held on September 23, 1980.

The debtor did not appear in person at the discharge hearing held on September 23, 1980. However, the debtor's counsel did appear with the debtor's common–law wife. Counsel represented to the Court that the debtor had suffered a complete mental breakdown; that he had terminated his employment as a sales representative with AVIS Rent A Car Systems, Inc., and no longer resided in the area.

Although Mrs. Keefe was not a signatory to any of the debts scheduled by the debtor in his petition, counsel indicated that the debtor's creditors were continually harassing her for payment of his debts and argued that if the Court granted the debtor a discharge this would effectively prevent further harassment of Mrs. Keefe by the debtor's creditors. The Court declined to follow this suggestion and ruled that a discharge could not be granted on the grounds set forth by the debtor's counsel.

However, because of the unique situation presented in this case at bar, it is incumbent upon the Court to determine whether the debtor may be granted a discharge, notwithstanding his failure to appear in person at the discharge hearing.

At the outset, the Court notes that few sections of the Bankruptcy Code are more clear and unambiguous in their meaning than that of the requirement in Section 524(d) that the debtor "shall appear in person" before the Court at a discharge hearing. The legislative history for this section does not expressly state why it is necessary for the debtor to appear in person at the discharge hearing. It is clear, however, that Congress intended the discharge hearing to be a brief but important "counseling" proceeding whereby the Court could inform each debtor personally of his rights upon receiving a discharge. Another purpose of the discharge hearing is to ensure that a debtor has not entered into any reaffirmation agreements which are not in his best interests. This is a determination that only the Court can make.[1]

This Court, under certain limited circumstances, has granted the application of a debtor to waive his appearance at the discharge hearing. One notable example is the waiver of appearance of debtors who, as members of the Armed Forces of the United States, have been (by virtue of military orders) assigned to bases or posts overseas at the time of their scheduled discharge hearings. The rationale here is that it would impose an unnecessary and undue hardship on the debtor and the branch of the armed forces to which he belongs for him to travel from his duty post for the sole purpose of attending a discharge hearing "ceremony". See In re Killett, 2 B.R. 273, 275 (Bkrtcy.E.D.Va.N.D.1980).

In the present case, the debtor's failure to appear for his discharge hearing was due to a complete mental breakdown. Rule 118, Rules of Bankruptcy Procedure, which re- states Section 8 of the Bankruptcy Act (11 U.S.C. § 26), provides that "[t]he death or insanity of the bankrupt shall not abate a bankruptcy case." This Rule provides further that "[i]n such event the estate of the bankrupt shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred.

Section 8 of the Bankruptcy Act has been deleted as unnecessary under the Bankruptcy Code. For the same reason, Rule 118 must be regarded as superfluous. See House Report No. 95–595, 95th Cong. 1st Sess. (1977) 368, 1978 U.S.Code Cong. & Admin.News, p. 5787.

Although the Bankruptcy Code does not specifically refer to how a debtor's case should proceed under the facts of the case at bar, the legislative history to the Bankruptcy Code does provide a procedure to be followed in the administration of the debtor's estate in the event of his death prior to discharge. The procedure stated therein may be helpful in determining how this matter may best be resolved. In this event:

"[O]nly property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to property of the estate, and the discharge will apply in personam to relieve the debtor."

House Report No. 95–595, supra, at 368, 1978 U.S.Code Cong. & Admin.News at p. 6324.

The Court observes that in the present matter the debtor did attend the first meeting of creditors. The debtor's counsel represented to the Court that the debtor's mental breakdown occurred after the debtor attended the first meeting of creditors. He represented further that the debtor had

---

1. This is one of the principal reasons for the statutory requirement that only those reaffirmation agreements entered into between the debtor and a creditor prior to the debtor's discharge may be approved by the Court. To facilitate the administration of reaffirmation and discharge hearings, these proceedings are combined. It is the practice of this Court not to grant a discharge to the debtor until the completion of his discharge hearing.

cooperated fully with the expeditious administration of the bankruptcy estate. The time fixed by the Court for filing objections by creditors under Section 727 and Section 523 passed without any such objections having been filed.

The United States Trustee, on October 22, 1980, filed a no–asset report which concluded that the debtor's estate had no assets over and above the exemptions claimed by the debtor. All that remains to be done in this case is to either grant or deny the debtor a discharge. The Court is of the opinion that it is unnecessary at this late juncture in the administration of the estate to appoint a guardian or committee to represent the interests of the debtor.

For the foregoing reasons, the Court, having the powers of a court of equity[2], finds that it would be patently inequitable not to grant a discharge to the debtor. The Court finds further that the debtor is entitled to a discharge. Accordingly, for good cause shown, the Court waives the personal appearance of the debtor at the Section 524(d) discharge hearing and, further, does hereby grant him a discharge.

**2.** Section 1481 of Title 28 of the United States Code provides that courts of bankruptcy have the powers of a court of equity. This power is concomitant with the bankruptcy court's increased jurisdiction under the Bankruptcy Code, and is necessary to enable it to effectively exercise that jurisdiction and its enhanced power under the Bankruptcy Code. This is in addition to the powers granted courts of bankruptcy under Section 105 of the Bankruptcy Code and 28 U.S.C. § 1651 (the All Writs Statute).