**In re Henry Andrew MENSCH, Debtor.**

**Bankruptcy No. 80 B 10228–EJR.**

United States Bankruptcy Court, S. D. New York.

Dec. 20, 1980.

McDonough & Pfeffer, New York City, for debtor.

Barbara Balaber–Strauss, New York City, trustee.

Irving H. Picard, New York City, United States trustee.

## DECISION ON SECTION 524(d) DISCHARGE HEARING

EDWARD J. RYAN, Bankruptcy Judge.

On February 19, 1980, Henry Mensch ("debtor") filed a voluntary petition for relief under 11 U.S.C. chapter 7. In due course a discharge hearing was set pursuant to 11 U.S.C. § 524(d). The debtor did not appear. At the discharge hearing the debtor's attorney showed that the debtor is suffering from the after effects of a disabling stroke. The debtor does not wish to reaffirm any debts. The question presented is whether an individual debtor is always required to attend in person a § 524(d) hearing and, if not, under what circumstances may he be excused from attendance. Section 524(d) reads, in relevant part:

"(d) In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge . . . the court shall hold a hearing at which the debtor shall appear in person. At such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted . . . ."

The rest of the section concerns the reaffirmation of debts where a discharge has been granted.

The plain language of the section is imperative and inclusive. "[T]he debtor shall appear . . . ." Section 521(4) reiterates the command: "The debtor shall appear at the hearing required under section 524(d) of this title." The legislative history of 521(4) and 524(d), which are both new sections without parallel in the Act, at first glance lends support to mandatory appearance. 124 Cong.Rec. H 11096 (Sept. 28, 1978); 124 Cong.Rec. S 17412, 17413 (Oct. 6, 1978).

Two courts have considered the section's requirement of attendance. *In re Garber, et al.,* 4 B.R. 684 (Bkrtcy.C.D.Calif.1980), also involved a debtor who did not wish to reaffirm any debts. The court interpreted "the court shall hold a hearing" as a mandatory requirement. The court then held that the phrase, "the debtor shall appear," was "directory only, and no penalty should be imposed on the debtor for failure to appear." Id. at 685. *In re Killett,* 2 B.R. 273 (Bkrtcy.E.D.Va.1980), involved a serviceman–debtor who was ordered to England before the time set for his § 524(d) hearing. The debtor did wish to reaffirm a debt. The court there relied on its equity powers to rule that the serviceman, who was represented by counsel, did not have to appear, although any later disenchantment would have to be swallowed by the debtor. *Id.* at 275.

Both cases avoid the harsh consequence of a delayed or denied discharge on a debtor who has sufficient excuse for nonappearance.

A court must not limit itself to the one word in a section which stands out, but must "look to the provisions of the whole law, and to its object and policy." *Philbrook v. Glodgett,* 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975). This is especially so where language accepted and applied literally leads to absurdity or the abrogation of congressional intent. *United States v. Bryan,* 339 U.S. 323, 338, 70 S.Ct. 724, 734, 94 L.Ed. 884 (1950); *Church of the Holy Trinity v. United States,* 143 U.S. 457, 459–460, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892).

"... Judge Learned Hand wrote over thirty years ago, in a case which disregarded the explicit language of a statute in favor of the clearly expressed legislative intent:

'It does not therefore seem to me an undue liberty to give the section as a whole the meaning it must have had, in spite of the clause with which it begins. Such treatment of a statute needs no apology today, whatever were the scruples of the past. There is no surer way to misread any document than to read it literally; in every interpretation we must pass between Scylla and Charybdis; and I certainly do not wish to add to the barrels of ink that have been spent in logging the route. As nearly as we can, we must put ourselves in the place of those who uttered the words, and try to divine how they would have

dealt with the unforeseen situation; and, although their words are by far the most decisive evidence of what they would have done, they are by no means final.'

"*Guiseppi v. Walling*, 144 F.2d 608, 624 (2d Cir. 1944) (concurring opinion), *aff'd sub nom. Gemsco, Inc. v. Walling*, 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921 (1945)."

*Marriott In–Flight Services v. Local 504, Air Transport Division, Transport Workers of America*, 557 F.2d 295, 299 (2d Cir. 1977).

 If "the debtor shall appear" is mandatory, then a debtor with a valid, sufficient excuse for non–attendance will be subjected to a future of uncertainty, in that the hearing can be delayed ad infinitum until time or the excuse vanishes. Alternatively, the discharge could be withheld because the debtor, by not appearing, has disobeyed a "lawful order of the court." See, 11 U.S.C. § 727(a)(6)(A). In contrast to the denouement of delay or non–discharge is the purpose of the bankruptcy court to give honest debtors "a new start in life free from debt." *In re Adlman*, 541 F.2d 999, 1003 (2d Cir. 1976); *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971). That purpose has not been changed in the Code. H.R.Rep. No. 595, 95th Cong., 1st Sess. 4, 117–118, 125 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. That purpose of rehabilitation, which is one of the prime objectives of bankruptcy, would be defeated were the debtor to be denied a discharge because he could not attend his § 524(d) hearing at the time set, nor in the foreseeable future. Clearly, Congress did not intend such a result. The legislative history reveals that § 524(d) was a compromise between the House and Senate concerning the reaffirmation of debts. The appearance of the debtor was required to protect him against improvident reaffirmation.

"The purpose of the reaffirmation of debts is essentially contrary to bankruptcy. We begin with the idea that a debt is discharged in bankruptcy; that is what bankruptcy is all about. The debtor is given a fresh start .... The evidence before us was overwhelming that a practice has developed to follow a discharge in bankruptcy with a reaffirmation of debt in consideration of an expanded debt .... So in the House bill we took away the debtor's right to reaffirm ...."

124 Cong.Rec. H 11089 (Sept. 28, 1978). The final version of the section premised reaffirmation on court scrutiny.

"Every reaffirmation to be enforceable must be approved by the court .... If the debtor is an individual the court must advise the debtor of various effects of reaffirmation at a hearing ...."

124 Cong.Rec. H 11096 (Sept. 28, 1978); 124 Cong.Rec. S 17413 (Oct. 6, 1978).

The legislative history continues with, "[t]he hearing on discharge will be held whether or not the debtor desires to reaffirm any debts ...." The words "shall appear" of § 524(d) must be read in the light of, and the policy behind, the whole act, as they bear on the section in issue. The primary purpose of § 524(d) is to protect the debtor from overbearing creditors who could force the debtor to reaffirm debts, thereby possibly starting another cycle of insolvency. So that rehabilitation is not defeated on the very day of discharge, Congress wanted the debtor to reaffirm in front of a judge and not a creditor. Sections 524(c) and (d); S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787.

The only other section of the Code stating expressly that "the debtor shall appear" is § 343. A § 343 hearing calls for the examination of the debtor by the creditors and the trustee. The section is drawn from § 21(a) of the Bankruptcy Act, 11 U.S.C. § 44(a). A § 21(a) examination was aimed at preserving the estate by preventing its dissipation or concealment, thereby protecting the rights of creditors, and at collecting facts bearing on dischargeability. *Cameron v. United States*, 231 U.S. 710, 717, 34 S.Ct. 244, 246, 58 L.Ed. 448 (1914); *Bronston v. United States*, 409 U.S. 352, 357, 93 S.Ct. 595, 599, 34 L.Ed.2d 568 (1973). Those goals have been continued under the new § 343.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 332 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 43 (1978). Section 21(a) referred back to § 7(a)(10), 11 U.S.C. § 25(a)(10), wherein the debtor was required to attend the first meeting of creditors, a hearing on objections to discharge, and at other hearings ordered by the court. Failure to appear at any of the meetings subjected the debtor to penalties such as contempt or an implied waiver of the right to discharge. However, leniency was allowed if the debtor had a sufficient excuse. 1A Collier on Bankruptcy ¶ 7.03[1] (14th ed. 1978). Additionally, a serviceman could be questioned at his base through the use of a questionnaire or interrogatories completed under oath. *Id.* at ¶ 7.16, n. 10a, and see ¶ 7.03[3]. The continued presence of the debtor at further meetings was discretionary. *Id.* at ¶ 7.03[1]. Two reported cases have already recognized excuses for non–attendance at § 343 examinations. *In re Edwards*, 2 B.R. 103 (Bkrtcy. S.D.Fla.1979) (spousal co–debtor could stand in for debtor); *In re Rust*, 1 B.R. 656, 657 (Bkrtcy.M.D.Tenn.1979) (truck driver-debtor must appear, but in other cases "illness or involuntary confinement" could serve as excuses). A § 343 examination is for the protection of creditors and comes soon after the commencement of the case. The importance of the debtor's attendance is obvious. On the other hand, a § 524(d) hearing is for the debtor's protection and comes when the case has wound down. The importance of the debtor's attendance where the debtor does not intend to reaffirm debts and where a discharge is to be granted is less obvious.[1]

In the current proceeding, the conclusion which is drawn from the above exegesis is that a debtor, who does not wish to reaffirm any debts and who is to be granted a discharge, need not attend a § 524(d) hearing where the debtor has a valid, sufficient excuse for non–attendance at the time set for the hearing or in the foreseeable future. No comment is made at this time as to how

this court will rule concerning attendance when presented with a debtor who wishes to reaffirm a debt or, the situation where a discharge is not going to be granted.

The discharge is granted and the § 524(d) hearing of Arthur Mensch is closed.

---

1. A recent survey indicates that bankruptcy judges are split regarding the mandatory attendance of a debtor for the § 524(d) hearing, although "significant hardship" has been recognized by various courts as an excuse. See, "Discharge Hearings are Unwieldly", Conference News, National Conference of Bankruptcy Judges, vol. 1980, no. 2 at 6–7.