**In re James P. MARTIN, Sara J. Martin, a/k/a Sara Johnson Martin, Debtors.**

**Bankruptcy No. 80–00891.**

United States Bankruptcy Court, S. D. Alabama.

June 23, 1981.

Ronnie L. Williams, Mobile, Ala., for debtor.

Theodore L. Hall, Mobile, Ala., trustee.

## ORDER ON MOTION

WILL G. CAFFEY, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Motion of James P. Martin to Consider Alternatives to Disabled Debtor's Presence at First Creditors Meeting; due notice of said hearing having been given;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

The debtors filed their joint voluntary petition under Chapter 7 of the Bankruptcy Code on October 22, 1980. Theodore L. Hall is the duly appointed, qualified and acting Trustee.

The debtor, James P. Martin, prior to the filing of the petition in bankruptcy, suffered a stroke and is confined to his bed at Hill Haven Nursing Home. Mr. Martin is unable to attend the meeting of creditors and it is unlikely that his condition will improve. Sara J. Martin, the wife of James P. Martin, and a joint petitioner, attended the meeting of creditors.

## CONCLUSIONS OF LAW

Because of the inability of the debtor, James P. Martin, to attend the meeting of creditors under Section 341 of the Bankruptcy Code, he has requested, through his attorney, that he be excused from attending and that, alternatively, his deposition be taken, or interrogatories be propounded for him to answer; his wife be designated as his attorney-in-fact for the purpose of attending the meeting of creditors and answering questions for him; or the meeting be held at the nursing home where he is confined.

The basic question presented is: Does the Bankruptcy Court have the right and the power to excuse a debtor from attending a meeting of creditors held under 11 U.S.C. § 341?

Under the statute, the debtor's presence is required by 11 U.S.C. § 343 which provides:

"The debtor shall appear and submit to examination under oath at the meeting of creditors under Section 341(a) of this Title. Creditors, any indenture trustee, or any trustee or examiner in the case may examine the debtor."

■ The purpose of the examination is to enable creditors and the trustee to determine if assets have improperly been disposed of or concealed or if there are grounds for objection to discharge. H.R. Rep.No.595, 95th Cong., 1st Sess. (1977) page 332, S.Rep.No.95–989, 95th Cong., 2d Sess. (1978) p. 43, U. S. Code Cong. & Admin. News 1978, p. 5787.

Several Courts have considered the necessity of the debtor's appearance at the meeting of creditors under Section 341 and the comparable requirement that the debtor "shall appear" at the discharge hearing under Section 524(d) of the Bankruptcy Code.

The debtor's presence at the Sec. 341 hearing was excused in one case because the debtor was in the Military Service, stationed in the Philippine Islands. *In re Edwards*, 2 B.R. 103 (Bkrtcy.S.D.Fla.1979).

In the case of *In re Rust*, 1 B.R. 656 (Bkrtcy.M.D.Tenn.1979) the Court held that the failure of the debtor to appear at the Sec. 341 hearing because of his employment as a truck driver was not a sufficient excuse; but stated as dictum that "illness or involuntary confinement could serve as excuses."

In regard to the debtor's presence at the discharge hearing under Section 524(d) one Court, applying principles of equity, excused his attendance because of a complete mental breakdown. *In re Keefe*, 7 B.R. 270 (Bkrtcy.E.D.Va.1980).

Another Court, looking at "Congressional policy" found that the rehabilitation of the debtor would be defeated if his presence was strictly required at the discharge hearing under Section 524(d), and that Congress did not intend such a result. *In re Mensch*, 7 B.R. 804 (Bkrtcy.S.D.N.Y.1980).

■ With due deference to my colleagues, I do not believe that there is any room for the application of equity or the necessity of interpretation to determine Congressional intent. The statute is clear, positive and unambiguous. The mandatory direction is: "The debtor shall appear and submit to examination." If Congress had intended any exercise of judicial discretion, it could very easily have added a proviso to the effect: "Unless excused by the bankruptcy court for good cause shown." No such language was used; and to read such language into the statute is nothing more or less than judicial legislation.

Since the debtor, here, cannot comply with the statutory requirement, his voluntary petition in bankruptcy is due to be dismissed.

## ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Motion of James P. Martin for the Court to consider alternatives to his presence at the meeting of creditors be, and the same hereby is, DENIED; and it is further

ORDERED that the petition of James P. Martin under Chapter 7 of the Bankruptcy Code, filed under 11 U.S.C. § 301 be, and the same hereby is, DISMISSED, without prejudice.