In Re Larry Joe ROBINSON and Sharon Greib Robinson, Debtors.

MILES FINANCE COMPANY, INC., Appellant,

v.

Larry Joe ROBINSON and Sharon Greib Robinson, Appellees.

Bankruptcy No. 7–82–00050.
Civ. A. No. 82–0127–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Aug. 10, 1982.

Bernard S. Via, III, Abingdon, Va., for appellant.

Robert A. Vinyard, Abingdon, Va., James E. Nunley, Trustee, Bristol, Va., for appellees.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The appellant, Miles Finance Company, Inc., appeals the March 26, 1982 Order of the Bankruptcy Court for the Western District of Virginia, which confirmed the Chapter 13 plan of the debtors, Larry Joe Robinson and Sharon Greib Robinson. Jurisdiction of this court attaches pursuant to Section 405 of Title IV of the 1978 bankruptcy legislation.[1] For reasons stated below, this case is remanded to the Bankruptcy Court for the Western District of Virginia for further proceedings consistent with this opinion.

The facts giving rise to this appeal are as follows:

On January 12, 1982, the appellees, Larry Joe Robinson and Sharon Grieb Robinson filed a Petition for an Order of Relief in bankruptcy under 11 U.S.C. Chapter 13. On January 25, 1982 the Bankruptcy Court entered an Order, Notice of Meeting of Creditors and Notice of Confirmation Hearing. This Notice set the meeting of creditors and the confirmation hearing on the same day. Pursuant to the Local Rules of Bankruptcy Procedure for the Western District of Virginia, Rule 3008(a) (1982), the Notice set February 17, 1982, five days before the confirmation hearing, as the last day for filing an objection to the debtor's plan.

The meeting of the creditors and the confirmation hearing were held on February 22, 1982. At the meeting of the creditors, Miles Finance Co. (Miles), discovered that the debtor, Larry Joe Robinson, had been laid off from his job in construction work. Miles also discovered that under the

---

1. Section 405(c)(1)(C) provides:

   During the transition period, an appeal from a judgment, order, or decree of a United States Bankruptcy judge shall be to the district court for the district in which the bankruptcy judge sits.

modified plan, the debtors would have twelve months to pay the arrearages owed on their debt to Miles, that no interest on this arrearage would be allowed and that no provision was made for the debtors to reimburse Miles for an insurance premium paid on the debtors' behalf for insurance on the debtors' residence.

Miles made oral objections to the modified plan at the confirmation hearing. The Bankruptcy Court overruled the objections as untimely. On March 18, 1982, Miles filed a Motion to Reconsider the Order of Confirmation based on the deficiencies it discovered in the modified plan. The Bankruptcy Court denied the motion without a hearing, on the grounds that no timely objection was filed by the creditor and that the plan provided for repayment of arrearages pursuant to 11 U.S.C. § 1322(b)(2), (3) and (5).

The sole issue presented by this appeal is whether the appellee, Miles, was given an adequate opportunity to object to the confirmation of the plan pursuant to 11 U.S.C. § 1324, when the meeting of the creditors and the confirmation hearing were held on the same day.

Section 341 of the Bankruptcy Code provides that a meeting of creditors shall be held within a reasonable time after the Bankruptcy Court enters the order for relief. 11 U.S.C. § 341. The debtor is required to appear and submit to examination under oath at this meeting. 11 U.S.C. § 343. The purpose of having the debtor under oath at this meeting is to enable the trustee and the creditors to determine if there are grounds for objections to the discharge or if any assets have been improperly disposed of or concealed. *In re Martin*, 12 B.R. 319 (Bkrtcy.Ala.1981).

Here, objections to the plan were required to be filed five days before the creditors were given a chance to examine the debtor. This is clearly not within the intent of the act. The creditor must be able to examine the debtor *before* objections are required to be filed. By scheduling the

meeting of creditors on the same day as the confirmation hearing, the Bankruptcy Court has eliminated the effectiveness of the creditors' meeting as a means of discovery.

Accordingly, the scheduling of the creditors' meeting was not within a "reasonable" time and this case is remanded to the Bankruptcy Court for a rehearing on the confirmation of the debtors' proposed plan. The Bankruptcy Court should address all the objections raised by Miles Finance Co.[2]

---

**2.** The court makes no determination on the merits of the appellees' claims before the Bank-