**In re Geoffrey AGAN and Felesa Agan, Debtors.**

**No. 02–20004–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

Nov. 1, 2002.

Dekovan L. Bowler, Forbes, Forbes & Bowler, Midwest City, OK, for debtors.

Lori Williams–Dekalb, Norman, OK, trustee.

*ORDER DENYING MOVANT–DEBTOR'S MOTION REQUESTING WAIVER OF HER APPEARANCE AT THE MEETING OF CREDITORS*

RICHARD L. BOHANON, Bankruptcy Judge.

One of the debtors, Felesa Agan, seeks an order excusing her appearance at the

meeting of creditors, stating she is "unable to attend the ... meeting due to work restrictions from her employer." Her motion is unopposed.

The meeting is fixed by 11 U.S.C. § 341 [1] and it affords the trustee and other interested parties an opportunity to interrogate debtors about their schedules, statement of affairs, and other matters concerning the case. In addition to this important function the statute requires that, at the meeting, the trustee inform debtors of the consequences of bankruptcy, the availability of relief under other chapters of the Bankruptcy Code, the effect of a discharge and the effect of reaffirming debts.

The debtor's attendance at the meeting is required by section 343 of the Code which says "[t]he debtor *shall* appear..." at the meeting and submit to examination under oath.[2] (Emphasis supplied). The failure of the debtor to appear may result in dismissal of the case or a holding that the right to a discharge has been waived. *See 3 Collier on Bankruptcy* ¶ 343.02[3] at 343–5 (Matthew Bender, 15th Ed.), citing 11 U.S.C. §§ 707(a), 727(a)(6), 1112(b)1208(c), 1307(c).

Neither the Code nor the Bankruptcy Rules provide for waiver of the required appearance and the movant-debtor cites no authority which might allow the relief she requests.

The motion brings to issue friction between the plain language of the statute which mandates that the debtor appear for the meeting and the desire of some judges to accommodate cases where it may be impossible for debtors to obey the dictates of the statute.

In its discussion of this issue *Collier on Bankruptcy* says that:

Despite the mandatory language of section 343 requiring the debtor to appear at the creditors' meeting, bankruptcy courts, upon proper motion, have excused the debtor's physical presence in cases of serious illness, incarceration or overseas military service, particularly when alternative means of obtaining the necessary information were available. The court might also, in appropriate circumstances, order that the debtor appear and submit to examination by way of telephone conference or, where available, video conference. Circumstances short of physical inability to appear due to illness or involuntary confinement have usually been held not to excuse a debtor for personally appearing at a creditors' meeting.

*3 Collier on Bankruptcy* ¶ 343.09[1] at 343–22–23 (Matthew Bender, 15th Ed.).

This interpretation permits judges to avoid the statutory requirement and accommodate the needs of debtors who are physically unable to come to the meeting. In sum, it provides an "equitable" means for judges to allow for circumstances which they perceive may have been unintended or overlooked by Congress.

If bankruptcy courts were "courts of equity" as used in the old slogan a judge might be able to conscientiously apply the statute to reach a result allowing for an excuse in cases of impossibility. The slogan, however, has been shown to be a mantra and not a maxim. This is especially so in regard to federal courts which have limited jurisdiction and function only within the confines of the defined grant of

---

1. The time for the meeting is established by rule and the place for it is fixed by the United States Trustee. Rule 2003(a), Fed.R.Bankr.P.

2. The scope of the examination of the debtor under 11 U.S.C. § 343 is defined in Rule 2002(b), Fed.R.Bankr.P.

authority. *See Porter Capital Corporation v. Hamilton (In re Hamilton)*, 282 B.R. 22 (Bankr.W.D.Okla.2002), *See also Krieger "The Bankruptcy Court is a Court of Equity': What Does That Mean?"*, 50 S.C.L.Rev. 275. If there ever was a court bound to follow a written code, as opposed to general precepts of common law equity, it is today's bankruptcy court.

What is equally important is to consider what the statute does not say. In numerous other instances the Code allows the bankruptcy courts to exercise discretion and reach results based upon "cause" or a similar finding. Section 343 is silent in this regard and pointedly does not provide for the exercise of any discretion by the judge. There is no apparent reason to doubt that if Congress had wanted to give bankruptcy judges the power to excuse debtors' appearance at the meeting for some good reason it would have said so. *See In re Martin*, 12 B.R. 319 (Bankr. S.D.Ala.1981).

This court has previously drawn the distinction between absolute statutes and those which are discreet. The former compel or prohibit some action and the latter ones allow judges to fashion results based on their discretion, exercised within the confines of some statutory boundaries. *See In re Horwitz*, 167 B.R. 237 (Bankr. W.D.Okla.1994). Section 343 of the Bankruptcy Code does not allow for the exercise of any discretion and says unambiguously that the debtor "shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." There can be no confusion concerning this plain language.

▮ The only variance permitted from the result mandated by an absolute statute is in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982), quoted in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Where the statute is plain "the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917) quoted in *United States v. Ron Pair Enterprises, Inc.*, at 241, 109 S.Ct. 1026.

In this case, therefore, it is unnecessary to consider the legislative history for the meaning of the statute is plain and unequivocal.

▮ Furthermore, application of the statute doesn't reach a result which would be considered absurd. It is not absurd to apply the statute to say Congress means that if debtors are to obtain the benefits of bankruptcy relief it is mandatory they attend the meeting and submit to the examination, without any exception. Persons who are unable to attend are simply ineligible for bankruptcy relief. This can obviously produce a harsh result and if it is perceived as bad policy it is a prerogative of the elected representatives to modify the Code, not the courts. *See Horwitz* at 240.

▮ The only departure from the required appearance at the meeting is for debtors in military service. In those cases the bankruptcy case may be stayed as provided by the Soldiers' and Sailors' Relief Act, 50 App. U.S.C. § 521. Military debtors are not excused from appearing at the meeting of creditors but, upon a proper showing, it may be stayed until they are able to appear.[3]

---

**3.** It has been suggested that, in appropriate cases, debtors might appear at the meeting by telephone or video conference. *See 3 Collier on Bankruptcy* ¶ 341.02[3] at 341.7 (Matthew

Accordingly, the movant-debtor's motion seeking to be excused from the meeting is denied.

Bender, 15th Ed.) And, in cases of disabled debtors the United States Trustee must find ways for them to appear without them being subjected to discrimination. *See* 29 U.S.C. § 794. These matters, however, are not issues on the pending motion.