In the Matter of Jill Klein
ZWART, Debtor.

**LOUIS J. HERBERT, INC. and Thomas Barr, IV, Plaintiffs-Appellants,**

v.

**Jill Klein ZWART, et al., Defendants-Appellees.**

No. 83–3192.

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1984.

James J. Morrison, Jr., New Orleans, La., for Louis J. Herbert, Inc.

John McEnery Robertson, New Orleans, La., for Thomas Barr, IV.

David Culpepper, New Orleans, La., for Whitney.

Before CLARK, Chief Judge, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

We consider the appeal by Louis J. Herbert, Inc. and Thomas Barr, IV, of the dismissal by the bankruptcy court for the Eastern District of Louisiana of Chapter 11 proceedings filed by Jill Klein Zwart. Appellants claim to be unsecured creditors of the debtor Zwart and challenge the bankruptcy court's *sua sponte* dismissal of the Zwart bankruptcy under Local Rule 12 of the Rules of the Eastern District of Louisiana for Zwart's failure to take timely "steps or proceedings" toward the effectuation of an acceptable reorganization plan. Finding the dismissal to have been improvidently entered, we vacate the order and remand to the bankruptcy court for further proceedings consistent with this opinion and controlling provisions of the Bankruptcy Code.

*Facts*

On October 29, 1980, Jill Klein Zwart filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code of 1978, 11 U.S.C. § 301 *et seq.* The schedule of creditors filed by Zwart listed several secured creditors, including the Whitney National Bank of New Orleans, but attested that there were no unsecured creditors. In fact, the debt owed to the Whitney Bank was only partially secured and the Whitney Bank was, in part, an unsecured creditor. Further, appellants claimed to be unsecured creditors although Zwart did not list them in her schedules. Their claims are disputed and are the subject of pending state court litigation.

On November 26, 1980, the Whitney Bank petitioned the bankruptcy court for relief from the automatic stay provisions of 11 U.S.C. § 362 so that it could foreclose on its mortgages covering three parcels of property owned by Zwart. The bankruptcy court granted this authority on January 8, 1981 and the foreclosures commenced soon thereafter.

On March 16, 1981, Zwart sought authority of the bankruptcy court to grant a $200,000 collateral mortgage to the Whitney Bank pursuant to an out-of-court agreement between Zwart and the Whitney Bank dated March 5, 1981. On March 16, 1981, the bankruptcy court authorized the grant of that collateral mortgage. The motion for authority again attested that Zwart had no unsecured creditors.

On April 2, 1981, appellant Louis J. Herbert, Inc. filed a Proof of Claim, and there-

after, on April 22, 1981, filed a complaint in the bankruptcy court against Zwart and the Whitney Bank, contending that the March 16, 1981 order authorizing the collateral mortgage was granted on a misrepresentation about the non-existence of unsecured creditors and constituted a preferential transfer in violation of 11 U.S.C. § 747. Barr subsequently intervened echoing Herbert's request that the transaction be annulled.

On May 7, 1982, at the close of this adversary proceeding, the bankruptcy court granted appellants' motion for summary judgment and "vacated, annuled and set aside" its earlier order of March 16, 1981, and ordered Zwart and the bank to "remove and erase said mortgage from the mortgage records of the Parish of Orleans."

On June 7, 1982, exactly one month later, the bankruptcy court placed Zwart's Chapter 11 proceeding on a Call Docket for a status report and ordered all interested parties to show cause at a hearing on June 28, 1982 why the case should not be dismissed for inactivity. Notice of the hearing was sent only to Zwart's attorney of record; appellants had no actual knowledge of the Call Docket and did not appear. No one else appeared. Acting under the authority of Local Rule 12 of the Rules of the Eastern District of Louisiana, the bankruptcy judge entered an order on June 28, 1982 which reads, in pertinent part:

> This matter came on ex parte on a call docket to consider the dismissal of this matter for non-prosecution.
>
> Nothing has been done in this matter, therefore it is
>
> ORDERED that this proceeding be, and it is hereby, DISMISSED. . . .

After learning of the dismissal, Herbert and Barr unsuccessfully sought reconsideration by the bankruptcy court. They then appealed to the district court, which affirmed the bankruptcy court.

### Analysis

It is clear from the record that the bankruptcy court entered the dismissal order solely pursuant to Local Rule 12. The judgment of the district court is more oblique.

The suggestion that the dismissal was based on the failure of prosecution provision of the Bankruptcy Code was specifically rejected by the bankruptcy judge who asserted his authority to use the local rules to control his docket. Local Rule 12 provides as follows:

### RULE 12. CALLS OF THE DOCKET

12.1 Cases Not Active for 6 Months

At least once every 60 days in each section of the court, unless otherwise ordered by the judge thereof, the clerk shall call up to 15 cases, pending and undisposed of, in which no steps or proceedings appear to have been taken within 6 months. The call shall be for the regular day and time assigned for hearing motions and the clerk shall give written notice of such call to the trial attorney.

12.2 Failure to Show Good Cause

Unless good cause is shown at the time of the call why no action has been taken, the case may be dismissed. If the case is not dismissed, the court may make such other orders as may facilitate its prompt and just disposition.

■ The operative language focuses on a case "in which no steps or proceedings appear to have been taken within 6 months." The bankruptcy court apparently dismissed Zwart's Chapter 11 petition because she had made no reorganization plan filings within the six-month period immediately prior to June 28, 1982. The court made no reference to a pertinent provision of the Bankruptcy Code, 11 U.S.C. § 1112. The bankruptcy judge erred in his implicit conclusion that the adversary proceeding brought by appellants, which resulted in the bankruptcy court's recall and annulment of its previous order, did not constitute a step or proceeding within the meaning of Local Rule 12. We hold today that appellants' formal legal action was indeed such a step or proceeding.

■ The intent and purpose of Local Rule 12 is apparent. In order for courts to be able to control their increasingly crowded dockets, they must be able to dismiss summarily those cases which are inactive for long periods of time without good cause. However, the power to dismiss inactive

cases must be carefully restricted to cases which are in fact dormant.

In assessing its power to dismiss a pending case under Rule 12, the bankruptcy court must look beyond the inaction of the debtor. The bankruptcy court must consider the activity of others affected by the bankruptcy proceedings before finding that the suit has in fact been inactive.

In the case at bar, while the debtor was inactive, other interested parties were quite active. Appellants' adversary proceeding was sufficient to negate the use of Local Rule 12.

We do not mean to imply that the bankruptcy court may not dismiss Zwart's petition under the Bankruptcy Code. Such a dismissal, however, must conform to the requirements of the Code and be mindful of the rights of creditors. We express no opinion on the propriety or impropriety of that type of dismissal; our ruling today is limited to the holding that the bankruptcy court improperly invoked Local Rule 12.

DISMISSAL VACATED. Case REMANDED to the bankruptcy court for further proceedings consistent herewith.