**In re Donald Ray KILLETT, Debtor.**

**Bankruptcy No. 79–01829.**

United States Bankruptcy Court,
E. D. Virginia.

Jan. 22, 1980.

Lawrence J. Lipka, Newport Beach, Va., for debtor.

Ronald E. Bensten, Newport Beach, Va., trustee.

HAL J. BONNEY, Jr., Bankruptcy Judge.

This too is a case of first impression under the Bankruptcy Code.

Must a debtor attend *in person* the section 524(d) affirmation-discharge hearing?

Donald Ray Killett filed his voluntary bankruptcy petition on November 19, 1979, and subsequently appeared on December 17th at his meeting of creditors.

The debtor is a member of the United States Air Force, E–5, who received orders to report on January 15, 1980, to McGuire Air Force Base for transport to England. Based upon this, the debtor filed a motion on January 7, 1980, asking the Court "to waive those specific requirements set forth in 11 U.S.C. § 524(d) demanding his appearance 'in person' to receive the granting of his final discharge and the approval of his reaffirmation."

The motion was quickly set for a hearing on January 11th. Expedition of the discharge hearing is not possible however, since creditors have until February 15, 1980, to object to his discharge and file complaints for the determination of the dischargeability of debts.

Few provisions of the code have a clearer meaning than that language which says the debtor "shall appear in person" at the hearing held for consideration of the approval of reaffirmations of debts and the discharge hearing. 11 U.S.C. § 524(d). [These hearings are usually combined.]

The legislative history of this section of the Bankruptcy Code is not particularly helpful and does not specifically dwell on the reasons for the *in person* requirement, yet two things are clear from the record: (1) Congress placed great emphasis on the discharge hearing and (2) at some point a debtor should have personal contact with the judiciary so that he might have a greater realization of the seriousness of his bankruptcy.[1] 124 Cong.Rec. H 11,096 (September 28, 1978); S 17,413 (October 6, 1978); Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) pp. 80–81, U.S.Code Cong. & Admin.News, p. 5787.

■ As for reaffirmations, the Court must be satisfied that the reaffirmation does not impose an undue hardship on the debtor or a dependent of the debtor and is in his best interest. If in settlement of discharge litigation, the reaffirmation must have been entered into in good faith. 11 U.S.C. § 524(c).

There have been so many abuses of reaffirmations in the past—by conscience-stricken debtors and pressuring creditors—that now the debtor must hear the Court's explanation of the perils and of one's rights,

1. The debtor no longer encounters the judge at the meeting of creditors; indeed, the judge is specifically prohibited, for ample reason, from attending the meeting of creditors. 11 U.S.C. § 341(c). The trustee conducts the meeting in most instances.

for instance, the right to rescind "such agreement within 30 days after such agreement becomes enforceable." Too frequently in the past when inquiring into the cause of the bankruptcy, the Court would hear, "I really wanted to pay my creditors, so I promised them after the last bankruptcy that I would." Of course, that promise got reduced to writing. Or it was a matter of, "They said they would loan me more money if I reaffirmed the debt."

All of which is to say the debtor's appearance at the reaffirmation hearing serves a crying need.

The discharge hearing is of equal importance. There the debtor shall be told he had been granted his discharge in bankruptcy or if not, why. The importance of the discharge and the protection it provides are pertinent, too.

When we consider the chain of events and the fact that these hearings come at the conclusion of his case and when we consider the importance of his knowing what a "fresh start" means, we can see that that which has been placed in the Code is good, vastly good.

*Brethren, we would err if we took these hearings lightly or considered them a nuisance. These rituals are the soul of it all.*

■ Therefore, the debtor shall appear in person. We should and shall insist upon it and they, the debtors and their attorneys, should expect it.

One can almost take judicial notice of the fact that debtors often move soon after filing their petitions. As we of experience know, keeping up with them is difficult. To be sure, some move several times.

These procedures shall prevail.

(1) Those debtors still in the area and those able to return shall appear, as noticed, before this Court for their reaffirmation and discharge hearings. For convenience, they shall be combined.

(2) Those who have moved a considerable distance from this Court may move or apply, in writing, to have their reaffirmation-discharge hearings alone transferred to a United States Bankruptcy Court more conveniently located and shall there appear *in person* as noticed by that Court.

(3) A few situations may, in urgency, require individual remedies. The Bankruptcy Court is still a court of equity. 28 U.S.C. § 1481.

A debtor who dies certainly cannot appear in person, yet the administration of his estate continues and his estate may benefit from the discharge.

A guardian or committee may pursue the granting of a discharge for another debtor. Believe it, there are those who by this event in life are at their wits end.

I would not by a writ of habeas corpus return a debtor from a prison for such a hearing.

All of these would be dealt with in an individual fashion.

The Court shall determine each case on its own facts as motions or application may be made.

■ In the instant plight, the debtor is off to England. The determination of whether or not to approve the reaffirmation he has made with the General Electric Credit Corporation must, then, be made based upon the facts at hand and his counsel's representations. The debtor must rely on what his attorney has told him before embarking. It would be inequitable to his employer and to him to have him return to Newport News for the "ceremony." If entitled to a discharge, it shall be mailed.

Any loss of rights is upon him.

IT IS SO ORDERED.