In re James Bruce STEWART, aka James B. Stewart aka James Stewart and Alice Edith Stewart, aka Alice E. Stewart, aka Alice Stewart.

Bankruptcy No. 581–1310.

United States Bankruptcy Court, N. D. Ohio.

Nov. 3, 1981.

Robert J. Croyle, Hyatt Legal Services, Akron, Ohio, for debtors.

Kathryn Belfance, Akron, Ohio, Trustee.

## ORDER WAIVING APPEARANCE AT 341 AND 524(d) HEARINGS

H. F. WHITE, Bankruptcy Judge.

Debtors herein filed their Petition for Relief pursuant to Chapter 7 of the Bankruptcy Reform Act on August 7, 1981. A First Meeting of Creditors was scheduled for September 1, 1981.

This Court, as well as the Clerk's Office of the Bankruptcy Court, was notified shortly thereafter that the Debtor, Alice Edith Stewart, would be unable to attend the First Meeting of Creditors as she had been hospitalized. The 341 meeting was thereupon reset for October 6, 1981. Debt-

or's counsel requested a thirty-day continuance of the meeting due to the poor health of said Debtor.

Thereafter, attorney for Debtors advised the Court that Mrs. Stewart would be unable to attend the 341 meeting on its rescheduled date. The reason given by counsel was that Mrs. Stewart suffers from severe congestive heart failure which condition had been worsening in the past few months. Mrs. Stewart was scheduled to go to Cleveland Clinic for testing on September 30, 1981. The possibility then existed that she would be admitted to the Clinic for further studies. The Court has not been advised since then as to whether or not she was so admitted.

The Court was supplied with a copy of a letter from Debtor's physician, Dr. Leif Chu-Tsai Cheng, in which it is stated that the Debtor's heart condition is such that, at the present time, she could not make the trip from her home in Medina to the Court in Akron as the risk was too great.

A decision regarding the need for attendance at the 341 meeting by Debtor, Alice Edith Stewart, was postponed pending the attendance at the meeting held October 6, 1981 by Debtor, James Bruce Stewart.

The Court has been informed that said Debtor, James Bruce Stewart, did in fact attend his 341 meeting. The sole creditor in attendance that date was Society National Bank through its counsel. To the Court's knowledge, no objections were made that date due to Debtor's (Alice Edith Stewart) failure to attend the 341 meeting. Following the meeting, the Trustee, Kathryn A. Belfance, filed her report indicating that there are no assets in the estate other than those for which exemptions may, and were, taken.

The schedules filed herein show that all unsecured debts for which discharge is requested were incurred by Debtor, James Bruce Stewart. Mr. Stewart is the sole wage earner for the family, Mrs. Stewart having listed her occupation on the schedules as a Homemaker.

Debtor, Alice Edith Stewart, does not intend to redeem any property nor does she intend to enter into any reaffirmation agreements on behalf of her husband, James Bruce Stewart.

Debtor, Alice Edith Stewart, is represented by able counsel. The Court has been advised by Mr. Croyle that he has adequately explained to his client, Mrs. Stewart, her rights as set forth in 11 U.S.C. Section 524(d).

## ISSUE

The issue is whether the attendance of Alice Edith Stewart at a 341 and 524(d) hearing may be excused by the Bankruptcy Court due to her serious heart condition.

## DISCUSSION OF LAW

■ 11 U.S.C. Section 343 provides that "The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." The wording of the section is clear and speaks in mandatory terms. The requirement of attendance at the 524(d) discharge hearing by the debtor is likewise set forth in that section in mandatory terms, that section stating that the debtor "shall attend in person". For the reasons set forth below, this Court holds that, despite the language used, there are occasions when the attendance at a 341 meeting by a debtor may be waived by a court and that the situation presently before this Court is one of those situations.

■ The word "shall" is generally construed to be mandatory in its meaning. *Escoe v. Zerbst*, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935); *Richbourg Motor Co. v. United States*, 281 U.S. 528, 50 S.Ct. 385, 74 L.Ed. 1016 (1930). This general rule gives way however where such a rule would defeat the purpose or spirit of an act. When a literal reading of a statute would defeat the statute's purpose or where extreme hardship would result from such a reading, the language may be read in such a manner as to be harmonious with the purpose of the statute. *Ballou v. Kemp*, 92 F.2d 556 (D.C.

Cir.1937). This may result in otherwise mandatory language being read in a permissive manner and vice-versa. *Ballou v. Kemp, supra.*

■ The purpose of the 1978 Bankruptcy Reform Act is to give honest debtors a fresh start free from the debt which had encumbered them. H.R. Rep. No. 595, 95th Cong., 1st Sess. 117–118, 125, U.S. Code Cong. & Admin. News 1978, p. 5787 (1977); *In re Mensch,* 7 B.R. 804 (S.D.N.Y.1980). The fact that this Congressional purpose would have been frustrated had the Court held otherwise led the Court in *Mensch* to hold that the Debtor's attendance at the 524(d) hearing was not required in that case. Mr. Mensch was recovering from the effects of a disabling stroke at the time of the discharge hearing and did not attend that hearing.

In like manner, the purpose of this new Bankruptcy Code will be frustrated if the word "shall" in 11 U.S.C. Sections 343 and 524(d) is given a mandatory reading herein. As it presently stands, Debtor, Alice Stewart, is incapable of attending the 341 and 524(d) meetings. In light of her physician's and attorney's statement that her condition appears to be worsening recently, it is conceivable that Mrs. Stewart may never be able to attend these two meetings. If a mandatory reading is given to Section 343 and Section 524(d), the "fresh start to honest debtors" will be denied this Debtor as this Court will have no alternative but to dismiss the Petition as against her.

There are additional factors which weigh in favor of this Court's decision. This Court is a court of equity. 28 U.S.C. Section 1471. To deny Debtor the ability to take advantage of the Bankruptcy laws due to a condition totally out of her own control would be highly inequitable. Indeed, it is this factor, that is, that Bankruptcy Courts are courts of equity, which has led several courts recently to hold that attendance at the 524(d) hearing may be waived despite the mandatory language of that section. *In Re Keefe,* 7 B.R. 270 (Bkrtcy.E.D.Va.1980) (attendance at 524(d) hearing not required where debtor had suffered a mental break-

down); *In Re Killett,* 2 B.R. 273 (Bkrtcy.E.D.Va.1980) (debtor was a member of U.S. Air Force stationed out of country at time of discharge hearing). This Court takes note of the fact that, to the layman, testimony before a Court, or before a Bankruptcy Trustee, is a stressful occasion. To require the presence and testimony of an ill woman, a woman already suffering from heart problems, when said testimony is not necessary, would be highly inequitable, as well as risk-filled according to her physician's assessment.

The Court also relies on the schedules filed herein for its decision. These schedules show that all unsecured debts which are sought to be discharged by this proceeding were incurred by the husband. Also, the wife is not employed outside the home. Thus, it is unlikely that Debtor, Alice Edith Stewart, could give the Trustee any information at a 341 meeting which was not already known to the Trustee through the testimony of the Debtor-husband.

■ This Court does not believe that Congress intended to deny the honest, but sickly debtor the privileges granted under the Bankruptcy Code to start one's economic life anew. The Court therefore holds that where a good sufficient reason is given, the attendance at the 341 and 524(d) hearings is not obligatory but may be waived.

However, this decision herein is not to be construed as a "carte blanche" excuse for debtors to commence to fail to show for their First Meetings of Creditors and discharge hearings. It is a decision based on the equities and facts presented to the Court. The requirements of 11 U.S.C. Sections 343 and 524(d) will continue to be read by this Court as mandatory requirements except in those cases where as here, such a reading would frustrate Congressional intent and be inequitable to the concerned parties.

## CONCLUSION

Therefore it is the conclusion of this Court that the attendance of the Debtor,

Alice Edith Stewart, at the First Meeting of Creditors and the 524(d) hearing should be waived.

BE IT SO ORDERED.