In re FIELD SERVICES CO., INC., Debtor.

UNITED STATES of America, Plaintiff,

v.

FIELD SERVICES CO., INC., Defendant.

Bankruptcy No. 11-83-00119 M.
Adv. No. 83-0425 M.

United States Bankruptcy Court,
D. New Mexico.

Dec. 20, 1983.

Sandra M. Kemrer, Albuquerque, N.M., Michael M. Gibson, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for plaintiff.

James Klipstine, Carlsbad, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the complaint of the United States of America (Internal Revenue Service) seeking to modify the automatic stay to allow plaintiff to make a tax assessment and file a notice of federal tax lien. The debtor failed to file an answer to the Internal Revenue Service's complaint, and did not appear on the hearing. Following argument by the Assistant United States Attorney, the Court entered an order modifying the stay to allow the Internal Revenue Service to make its assessment of taxes as described in the complaint, but took the matter of filing the tax liens under advisement.

First it should be noted that although the complaint states that the tax liens will only affect property which is "not property of the estate," (which we take to mean exempt property), this is a corporate debtor which is not entitled to exemptions, and any tax lien filed against the debtor's property would operate against all the property of the estate. We also note that the stay in this proceeding does not operate to bar the Internal Revenue Service from filing an assessment and lien against the officer or officers of the corporation responsible for trust fund taxes. The issue, then, is allowing the Internal Revenue Service to file tax liens against property of the estate when the debtor-in-possession does not object to those liens being filed.

Stay motions require notice only to the creditor seeking the relief and to the debtor. Bankruptcy Rule 4001; Bankruptcy Rule 9014. Because of that the Court should always examine the full effect of the relief sought, particularly since a Bankruptcy Court is a court of equity. *See generally, Meyer v. United States,* 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); *Otero Mills v. Security Bank & Trust (In re Otero Mills),* 21 B.R. 777 (Bkrtcy.D.N.M.1982), *First National Bank of Louisiana v. Fidelity American Mortgage Company, et al. (In re Fidelity American Mortgage Co. and In re Whispering Brook Associates),* 9 B.C.D. 22, 19 B.R. 568 (Bkrtcy.E.D.Pa.1982); *Chrysler Credit Corp. v. Schweitzer (In re Schweitzer)* 9 B.C.D. 583, 19 B.R. 860 (Bkrtcy.E.D.N.Y.1982); *In re Stewart* 5 C.B.C.2d 575, 8 B.C.D. 362, 14 B.R. 959 (Bkrtcy.E.D.Ohio 1981). Allowing the Internal Revenue Service to file a tax lien could put them in a better position than other chapter 11 priority creditors, and the improvement of one creditor's position vis-a-vis another is something which this Court may consider in other equitable proceedings; see, for example, *Meyer, supra,* and *Duck Trustee v. Wells Fargo Bank (In re Spectra Prism Industries Inc.),* 8 C.B.C.2d 325, 10 B.C.D. 269, 28 B.R. 397 (Bkrtcy. 9th Cir.1983) in which the courts considered the effects of the equita-

ble doctrine of marshalling upon third parties. Additionally, should this case convert the filing of this lien could substantially affect how chapter 7 administrative expenses would be paid. These considerations take on special meaning in a case where trust fund taxes would be recoverable from the responsible corporate officers, thus giving the debtor little incentive to object strenuously to the Internal Revenue Service obtaining a better position than other creditors.

For these reasons this Court finds that although the stay matter is uncontested by the debtor, all of the relief sought by the Internal Revenue Service should not be granted. The stay having previously been modified to allow assessment it will not further be modified to allow the Internal Revenue Service to file tax liens.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.