In re Renee Campion O'DONNELL
a/k/a Renee Therese
O'Donnell, Debtor.

Bankruptcy No. 83–02768G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 26, 1984.

Shelley V. Sodomsky, Bolger, Picker & Weiner, Philadelphia, Pa., for movant, Edward J. Murphy, Jr.

William A. Harvey, Gary P. Lightman, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for trustee, Fred Zimmerman.

Fred Zimmerman, Pennsauken, N.J., Trustee.

Don P. Foster, Rubin, Quinn & Moss, Philadelphia, Pa., for debtor, Renee Campion O'Donnell a/k/a Renee Theresa O'Donnell.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue before us is whether an individual exercising an adequate power of attorney, executed by a debtor, may appear in the debtor's stead at the debtor's § 341 meeting. We conclude that, under the circumstances of this case, she may not and, accordingly, we will grant a creditor's motion to dismiss the case.

The facts of this case are as follows:[1] In July of 1983, Renee O'Donnell ("the debtor"), executed a power of attorney which authorized her sister, Elizabeth Campion ("the attorney in fact"), to institute bankruptcy proceedings in the debtor's behalf. The attorney in fact thereupon filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") and appeared for examination in the debtor's stead at the meeting of creditors. Following a conversion of the case to chapter 7, one Edward J. Murphy, Jr. ("a creditor") filed a motion to dismiss the case based on the debtor's refusal to appear at the creditors' meeting.

We need not address the merits either of the creditor's argument that waiving the debtor's examination would frustrate its purpose,[2] or of the trustee's position that his ability to administer the estate has not been impaired by the debtor's lack of participation in the bankruptcy proceedings.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. The purpose of the examination is "to enable creditors and the trustee to determine if assets have improperly been disposed of or concealed or if there are grounds for objection to dis-

charge." 11 U.S.C. § 343 Committee Notes. The creditor contends that the attorney in fact was unable to respond to questions concerning alleged fraud in the incurring of the debt which would constitute grounds for objection to discharge.

Section 343 of the Code mandates that "[t]he *debtor* shall appear and submit to examination under oath" at the meeting of creditors (emphasis ours). 11 U.S.C. § 343. While the requirement that the debtor appear in person at the creditors' meeting has been waived in several cases (where the debtor was confined because of physical illness, or was stationed outside of the country on military or religious duty), *In re Sullivan*, 30 B.R. 781 (Bankr.E.D.Pa.1983); *In re Stewart*, 14 B.R. 959 (Bankr.N.D. Ohio 1981); *In re Edwards*, 2 B.R. 103 (Bankr.S.D.Fla.1979), these cases were based on adequate evidence.

But in the matter before us, the debtor's counsel offered no credible evidence to prove the debtor's case. He merely rests on his unsupported assertion that the debtor is emotionally unable to appear in public. While we agree that the attendance at the 341 meeting may be waived where a good and sufficient reason is given, *Stewart*, 14 B.R. 959, and regard an emotional disorder as such a reason, we do not consider counsel's statement, unsupported by a certification by the debtor's physician, as evidence upon which we may predicate a waiver of the debtor's appearance.

Accordingly, we will grant the creditor's motion to dismiss the case.