### In re Donald P. VILT, Debtor.

### In re George D. and Bonita MOORE, Debtors.

**Bankruptcy Nos. 85 B 5051, 85 B 8527.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 28, 1986.

**724**

Chris D. Rouskey of Rouskey & Surinak, Joliet, Ill., for Donald P. Vilt.

Carl T. Hagle, Oak Brook, Ill., Trustee.

John C. Renzi of McDermott & Krupa, Ltd., Joliet, Ill., for George D. and Bonita Moore.

## MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

These cases have been consolidated for purposes of this Memorandum and Order because they present the same issue: whether a bankruptcy court may excuse a debtor from attending the creditors' meeting required by 11 U.S.C. § 341 ("341 meet-

1. The order for relief occurs automatically upon the filing of the debtor's petition in a Chapter 7 case. 11 U.S.C. § 301.

2. Another purpose served by the 341 meeting is allowing creditors the opportunity to elect a

ing") despite the language in 11 U.S.C. § 343 that the debtor "shall" attend such meeting.

In *In re Vilt*, the debtor failed to attend the originally scheduled 341 meeting and three rescheduled meetings because he was imprisoned at the Stateville Correctional Center in Joliet, Illinois. Because the debtor was unable to obtain a temporary release to attend any of the meetings, he filed a motion requesting this Court to excuse his attendance, or alternatively, to allow the 341 meeting to be conducted through the use of written interrogatories. The Chapter 7 trustee in the case has filed a motion to dismiss the debtor's case because of the debtor's failure to attend the 341 meeting.

In *In re Moore*, the debtors are a husband and wife. Mrs. Moore attended the 341 meeting, but her husband failed to appear because he had been released from the hospital two days prior to the meeting and still suffered from physical and psychological ailments that required a nurse's care. Mrs. Moore testified at the 341 meeting about her husband's condition and the debtors' joint estate. The debtors filed a motion requesting this Court to waive Mr. Moore's attendance at the 341 meeting. The Chapter 7 trustee has not opposed the debtors' motion.

Section 341(a) of the Bankruptcy Code states that a creditors' meeting "shall" be held within a reasonable time after the order for relief.[1] Section 343 provides that the debtor "shall" appear at the 341 meeting and submit to an examination under oath by the creditors and trustee. The examination of the debtor is the central purpose of the 341 meeting.[2] The law permits liberal questioning of the debtor so long as it relates to the debtor's financial affairs, the debtor's discharge, or the estate's administration.[3] Thus, the 341 meeting allows the creditors to engage in free

permanent trustee. Bankruptcy Rules 2003(b)(1), X–1006(b)(1).

3. Bankruptcy Rule 2004(b).

discovery of the debtor on issues such as the debtor's discharge and the dischargeability of debts owed to creditors.[4] It also allows the trustee to inquire about any possible recoveries under the avoiding powers.

■■■ The attendance of the debtor at the 341 meeting obviously plays a crucial role in the abilities of creditors and the trustee to gather information about the debtor's finances and act accordingly. In most circumstances a court should not condone a debtor's absence from that meeting. Nevertheless, despite the apparently mandatory language in § 343, this Court recognizes that there are certain instances where a court may waive a debtor's attendance at the 341 meeting. When a literal reading of a statute would defeat the statute's purpose or cause extreme hardship, the language may be read to be harmonious with the statute's purpose. 2A Sutherland, Statutory Construction § 57.03 (4th ed. 1984); *In re Stewart*, 14 B.R. 959, 960 (Bankr.N.D.Ohio 1981). Congress intended the Bankruptcy Code to promote a fresh start for honest debtors. H.R.Rep. No. 595, 95th Cong., 1st Sess. 117–18, 125, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787. This goal would be defeated if courts denied fresh starts to honest debtors solely because they could not attend the 341 meeting because of serious illness, involuntary confinement or other reasons beyond a debtor's control. *See In re O'Donnell*, 43 B.R. 679, 680 (Bankr.E.D.Pa.1984); *In re Stewart*, 14 B.R. at 961; *In re Rust*, 1 B.R. 656, 657 (Bankr.M.D.Tenn.1979); *see also In re Sullivan*, 30 B.R. 781, 782 (Bankr.E.D.Pa.1983); *In re Edwards*, 2 B.R. 103, 103 (Bankr.S.D.Fla.1979); *but see In re Martin*, 12 B.R. 319, 320 (Bankr.S.D.Ala.1981). When a debtor is incarcerated or too ill to attend the 341 meeting, the court may permit the creditors and trustee to question the debtor by using the telephone or interrogatories. Examination of a co-debtor, close relative or business partner may also be sufficient. This Court, therefore, is unpersuaded that the word "shall" in § 343 makes attendance at 341 meetings a mandatory requirement in all cases.

Our holding finds further support from the numerous bankruptcy courts that have refused to require debtors to attend discharge hearings in all circumstances despite the language of § 524(d), which provides that the debtor "shall" attend such hearings. *See In re Rennels*, 37 B.R. 81, 89 (Bankr.W.D.Ky.1984); *In re Stewart*, 14 B.R. at 961; *In re Mensch*, 7 B.R. 804, 807 (Bankr.S.D.N.Y.1980); *In re Keefe*, 7 B.R. 270, 272 (Bankr.E.D.Va.1980); *In re Garber*, 4 B.R. 684, 685 (Bankr.C.D.Cal.1980); *In re Killett*, 2 B.R. 273, 275 (Bankr.E.D. Va.1980). Thus, it is clear that although the word "shall" usually means that the subject action is mandatory,[5] bankruptcy courts have not hesitated to find exceptions in both § 343 and § 524(d) when a mandatory construction would defeat the purposes of the Bankruptcy Code.

■■■ Finally, this Court is a court of equity. 28 U.S.C. § 1471. It would be highly inequitable to dismiss the cases of these debtors because of their physical inability to attend the 341 meetings. *In re Stewart*, 14 B.R. at 961. In the case of Donald Vilt, a more equitable result would be reached by allowing the creditors and trustee to direct interrogatories to the debtor at his place of incarceration, if they so desire, or to examine the debtor at the prison, if that can be arranged. In the case of George and Bonita Moore, there have been no objections to Mr. Moore's failure to attend the 341 meeting. Because no party has sought to question Mr. Moore or dismiss his case for failure to attend the 341 meeting, we

---

4. Creditors may also try to use the occasion to negotiate reaffirmations of their debts or dispositions of collateral securing their debts. Such activities, however, may constitute technical violations of the automatic stay. *See* 11 U.S.C. § 362(a)(6).

5. *See State v. Duva*, 192 N.J.Super. 418, 421, 470 A.2d 53, 54 (Ct.Law Div.1983); *Burrows v. Commonwealth, State Employees' Retirement Board*, 76 Pa.Commw. 84, 86, 463 A.2d 106, 107 (1983).

need not determine if he is healthy enough to answer interrogatories.

## CONCLUSION

The Court holds that the debtors in these two separate cases may be excused from attending the 341 meetings as scheduled. The Court further denies the trustee's motion to dismiss the Chapter 7 petition in the case of Donald Vilt. The trustee in that case may conduct the 341 meeting at the debtor's place of incarceration.