**In re R. Carl CHANDLER, Debtor.**

**Civ. A. No. C86–1265A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 18, 1986.

Nolan B. Harmon, Atlanta, Ga., for debtor.

McCarter & English, Newark, N.J., for creditors.

Russell Henkin, Specter, Cohen, Gadden & Rosen, Philadelphia, Pa., for Simkins Indus.

Sean R. Kelly, Pitney, Hardin, Kipp & Szuch, Morriston, N.J., for Southern Bell.

## ORDER

FORRESTER, District Judge.

This action is before the court on the motion of R. Carl Chandler ("debtor") for leave to appeal an interlocutory order of the bankruptcy court. This case was commenced by the filing of a petition under Chapter 11 of the Bankruptcy Code on April 28, 1986. A section 341(a) meeting of creditors was scheduled for hearing on June 6, 1986. 11 U.S.C. § 343 requires that "the debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a)." On May 13, 1986 the debtor filed a motion for a protective order, alleging that his attendance at the hearing was impossible due to illness, including a very serious heart condition. The motion was accompanied by a letter from the debtor's physician which concluded that "any type of courtroom situation would be hazardous to his health." The motion for protective order was overruled by the bankruptcy court by letter on May 15, 1986. A motion for reconsideration was timely filed and was denied.

In this court, the debtor urges two reasons for a grant of leave to appeal. First, the debtor argues that the bankruptcy court's order is one that this court should review under 28 U.S.C. § 158(a) as an interlocutory order. Second, the debtor argues that the order is one that this court should review under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Neither argument is compelling, and the debtor's motion for leave to appeal will be denied.

Before analyzing the order at issue here in light of the debtor's arguments, it would be helpful to survey other cases involving attempts by debtors to be excused from section 341(a) meetings of creditors. Several courts have held that the debtor's presence at the 341(a) meeting of creditors is mandatory, with no exceptions, and have dismissed the cases of debtors who are unable to appear. *In Re: Import*

*Toy Sales,* 41 B.R. 784, 785 (Bankr.S.D.Fla. 1984) (debtor corporation's principal officer suffered heart attack and was hospitalized); *In Re: Martin,* 12 B.R. 319, 320 (Bankr.S.D.Ala.1981) (debtor suffered stroke and was confined to nursing home). *See also In Re: Fulton,* 52 B.R. 627, 632 (Bankr.D.Utah 1985). Others have held that the bankruptcy court has discretion to waive the mandatory language "where a good and sufficient reason is given." *In Re: O'Donnell,* 43 B.R. 679, 680 (Bankr.E.D.Pa.1984); *In Re: Sullivan,* 30 B.R. 781 (Bankr.E.D.Pa.1983); *In Re: Stewart,* 14 B.R. 959 (Bankr.N.D.Ohio 1981); *In Re: Rust,* 1 B.R. 656 (Bankr.M.D.Tenn.1979). None of the cases *requires* a bankruptcy court to waive the debtor's appearance at a section 341(a) meeting. In fact, some of the cases allowing non-appearance may do so only where the debtor is truly indisposed and where it is unlikely that the debtor could give the creditors any information not available to them through a representative or co-debtor. *In Re: Stewart,* 14 B.R. at 961; *In Re: O'Donnell,* 43 B.R. at 680 (relying on *Stewart* ). At the very least, then, the bankruptcy court's decision in this case denying the debtor's motion for a protective order was one within its discretion.

■ The district court has jurisdiction, by virtue of 28 U.S.C. § 158(a), to hear appeals from final judgments and "with leave of the court, from interlocutory orders and decrees" of bankruptcy judges. The circumstances in which a district court should grant leave to appeal interlocutory orders are not specified in section 158(a). The standard generally applied in this circuit is by analogy to the requirements of 28 U.S.C. § 1292(b), governing appeals of interlocutory orders from district courts to courts of appeals. *In Re: Charter Company,* 778 F.2d 617, 620 n. 5 (11th Cir. 1985); *In Re: Tidewater Group, Inc.,* 22 B.R. 500, 506 (N.D.Ga.1982), *aff'd,* 734 F.2d 794 (11th Cir.1984). *See also* 1 *Collier on Bankruptcy* ¶ 3.03 (15th Ed.1979) ("perhaps the closest analogue is 28 USC § 1292(b)"). Under section 1292(b), interlocutory orders not otherwise appealable may be reviewed by the court of appeals, in its discretion, if the district court judge certifies in writing (1) that the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The bankruptcy court's denial of the debtor's motion for a protective order does not satisfy the 1292(b) standard. First, the order does not involve a "controlling question of law," as that phrase has come to be defined. A controlling question of law is one that has "the potential for substantially accelerating the disposition of the litigation" and does not concern "matters that are entrusted to the discretion of the [bankruptcy] court." 9 *Moore's Federal Practice* ¶ 110.22[2], pp. 260–61; *J.C. Trahan Drilling Contractor, Inc. v. Sterling,* 335 F.2d 65, 66 (5th Cir.1964). It is clear from the earlier discussion of the case law that waiver of a debtor's appearance at a 341(a) meeting is a matter for the bankruptcy court's discretion. It is also clear that an appeal of the bankruptcy court's order, even if it resulted in a reversal of the order, would do nothing to advance the disposition of the litigation.

Second, the order is not one as to which there is substantial ground for difference of opinion. The most that can be said is that the bankruptcy court had discretion to issue the protective order sought, not that the protective order *must* have issued. In fact, the only ground for difference of opinion is whether the bankruptcy court was obligated to *deny* the motion, in which case the debtor still would have no recourse to this court at this time.

Third, an immediate appeal of the order in question will not materially advance the termination of the case. The appeal itself will delay the bankruptcy proceeding. Even if the debtor were to prevail on appeal and secure a protective order, the result would be further delay as the creditors were forced to use discovery methods other

than examination and deposition to clarify the debtor's financial position.

 The debtor also argues that the bankruptcy court's order is one that this court should review under the *Cohen* collateral order doctrine. In order to be reviewable under the collateral order doctrine, "an order must (1) be independent and easily separable from the substance of the other claims in the action; (2) present a need to secure prompt review in order to protect important interests of any party; (3) be examined in the light of practical, rather than narrowly technical, considerations." *In Re Covington Grain Company, Inc.*, 638 F.2d 1357, 1360 (5th Cir.1981). Assuming that the order at issue here is separable and does require prompt review, leave to appeal must be denied because the "practical considerations" of the case counsel against review. Unlike *Covington*, the bankruptcy court's order denying the motion for a protective order does not amount to a total bar to recovery. The bankruptcy court did not dismiss the action, but instead indicated at least two possible courses of action for the debtor: The debtor could either consent to the appointment of a trustee or move for a protective order that would not be, in the bankruptcy court's words, "overly broad." Moreover, the purpose of the 341(a) meeting is discovery, *In Re: Eastern Utilities Investing Corp.*, 98 F.2d 620, 622 (3d Cir.1938), and the *Cohen* doctrine is generally not applicable to discovery orders. *In Re: International Horizons, Inc.*, 689 F.2d 996, 1000–01 (11th Cir.1982). In refusing to waive the mandatory language of section 343 the bankruptcy court effectively ordered the debtor to appear and to testify. The *Cohen* doctrine does not apply to orders compelling testimony. *Id.* at 1001, n. 9; *United States v. Fried*, 386 F.2d 691, 694 (2d Cir.1967); 9 *Moore's Federal Practice* ¶ 110.13[2]. As the Eleventh Circuit noted in *International Horizons, Inc.*,

Ordinarily, a litigant seeking to overturn a discovery order has [only] two choices. Either he can comply with the order and challenge it at the conclusion of the case or he can refuse to comply with the order and contest its validity if subsequently cited for contempt for his refusal to obey.

689 F.2d at 1001. *See also Alexander v. United States*, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906).

Because the bankruptcy court's denial of the debtor's motion for a protective order is not a collateral order under the *Cohen* doctrine and is not the type of order which should be reviewed by a district court under section 158(a), the debtor's motion for leave to appeal the bankruptcy court's interlocutory order is DENIED.