**In re R. Carl CHANDLER,**
**Debtor/Appellant.**

**Civ. A. No. 1:87–CV–560 JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 19, 1988.

Nolan B. Harmon, Harmon, Smith & Bridges, Atlanta, Ga., for debtor.

## ORDER

FORRESTER, District Judge.

This matter is before the court on debtor/appellant R. Carl Chandler's appeal of the bankruptcy court's dismissal of his Chapter 11 petition. *See* Bankruptcy Court Order of February 9, 1987. On appeal, appellant challenges the bankruptcy court's power to dismiss a Chapter 11 proceeding *sua sponte* without notice and hearing. For the reasons set forth below, the decision of the bankruptcy court is REVERSED.

### I. STATEMENT OF FACTS

Appellant's petition under Chapter 11 of the Bankruptcy Code was filed April 28, 1986. Pursuant to 11 U.S.C. § 341, a meeting of creditors was then scheduled for June 6, 1986. On May 13, 1986, however, appellant moved the bankruptcy court for a protective order excusing his attendance from the § 341 meeting due to his ill health. As grounds for the protective order, it was asserted "[appellant] has been diagnosed as having inoperable coronary heart disease with multiple vessel involvement. [Appellant] experiences daily chest pains, which is aggravated by any effort and by any type of emotional stress." Motion for Protective Order, ¶ 1. *See also* Affidavit of Dr. E. Alan Paulk, ¶ 4 (Appellant suffers from acute cardiovascular disease). By order entered May 15, 1986, however, the bankruptcy court denied appellant's motion for protective order. Likewise denied was appellant's May 28, 1986 motion for reconsideration. *See* Transcript of May 29, 1986 hearing at 7.

On June 5, 1986, the day before the scheduled meeting of creditors, appellant filed with this court a motion for leave to appeal. It was appellant's contention that the bankruptcy court's order denying the motion for protective order was an abuse of discretion. By order entered September 19, 1986, the court declined to hear the interlocutory appeal and denied appellant's motion, 66 B.R. 334. Order of September 19, 1986 at 7. Because of appellant's motion for leave to appeal, the § 341 meeting was rescheduled. For the reasons originally set forth in his May 13, 1986 motion for protective order, however, appellant failed to appear for this meeting. As a consequence, by order entered February 9, 1987, the bankruptcy court dismissed appellant's Chapter 11 petition *sua sponte.*

The bankruptcy court's order of dismissal was based primarily upon the language of 11 U.S.C. § 343, which provides, "The debtor shall appear and submit to examination under oath at the meeting of creditors under § 341(a) of this Title. Creditors ... may examine the debtor." Noting the important purpose served by the § 341 meeting, the bankruptcy court concluded that "without the attendance of the debtor it is highly unlikely that the § 341 meeting of creditors will serve the function for which it was intended." Order of February 9, 1987 at 5. The court then reasoned that if appellant is unable to attend the § 341 meeting, it follows that he is likely unable to perform any of his other statutory duties or to formulate and successfully implement a plan of reorganization. *Id.* at 6. Finally, citing *In re Moog,* 774 F.2d 1073 (11th Cir.1985), the court concluded that appellant's Chapter 11 petition fell "in the category of a suit filed for frivolous purposes absent any economic reality." *Id.*

### II. CONCLUSIONS OF LAW

As noted by the bankruptcy court, the *Moog* decision restricts a bankruptcy court's power to dismiss a Chapter 11 proceeding *sua sponte.* In reaching this decision, the *Moog* panel adopted the reasoning of the Second Circuit which, after review of the relevant legislative history, concluded that "the very purpose of [11 U.S.C.

§ 1112(b)[1] (conversion or dismissal)] was to keep the [bankruptcy] court from acting *sua sponte." In re Gusam Restaurant Corp.*, 737 F.2d 274 (2d Cir.1984).

■ This court's analysis of the *Moog* decision reveals that two general categories exist under which a bankruptcy court may dismiss a petition *sua sponte.* First, the panel's recognition of a bankruptcy court's "inherent power and duty to control its dockets, to preserve its integrity and to ensure that the legislation administered by [it] accomplishes its legislative purpose," *Moog* at 1076, derives from the well-established principle that a court may dismiss an action for want of prosecution. *See* Fed.R. Civ.P. 41; *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983). Second, the court recognized the somewhat broader principle that actions filed in bad faith are likewise subject to *sua sponte* dismissal. "[C]ourts are given discretion to dismiss collusive, sham or frivolous suits ... and may dismiss Chapter 11 filings with demonstrably frivolous purposes absent any economic reality." *Moog* at 1076 (citations omitted). The court will review the bankruptcy court's order of dismissal in light of these principles.

### A. *Failure to Prosecute/Want of Prosecution* [2]

■ "The court's power to dismiss [for want of prosecution] is an inherent aspect of its authority to ... ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d at 1458 (citing *Link v. Wabash Railroad Company*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962)). This power may be exercised *sua sponte* with or without notice to the parties. *An-*

*thony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir.1980) (citing *Link*). It is, however, "a sanction of last resort, applicable only in extreme circumstances." *Jones* at 1458. In considering such a sanction, the court must focus on whether there is a clear record of delay, inactivity, contumacious conduct or willful contempt, *id; McKelvey v. AT & T*, 789 F.2d 1518, 1520 (11th Cir.1986), as well as the availability and sufficiency of lesser sanctions. *Jones* at 1458. While this standard is most frequently articulated, courts in their discretion may also consider such factors as (1) the extent to which the party was personally responsible for the delay; (2) the degree of actual prejudice to other parties; and (3) whether the delay was the result of intentional conduct. *See Veazey v. Young's Yacht Sale and Service, Inc.*, 644 F.2d 475, 477–78 (5th Cir.1981); *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980); *Gonzalez v. Firestone Tire and Rubber Company*, 610 F.2d 241, 248 (5th Cir.1980).

■ In the present case, appellant's Chapter 11 petition was dismissed due to his inability to attend the § 341 meeting of creditors. Though there exists some authority for the proposition that attendance is an absolute requirement, *see, e.g., In re Fulton*, 52 B.R. 627 (Bankr. Utah 1985), the court believes that where good cause exists, a bankruptcy debtor's failure to attend the § 341 meeting does not constitute *per se* grounds for *sua sponte* dismissal.[3] This is not to say, however, that failure to attend a § 341 meeting cannot be *a* factor in considering dismissal for want of prosecution. *See Jones*, 709 F.2d at 1462 (court may consider long pattern of conduct amounting to want of prosecution). Where a bankruptcy debtor's failure to attend a

---

**1.** Section 1112(b) states in pertinent part: "Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and hearing, the court may convert a case under this chapter to a cause under Chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause...."

**2.** Though *Moog* appears to limit a bankruptcy court's power to dismiss a Chapter 11 petition *sua sponte* to instances of frivolity and/or bad faith, the court's analysis of the cases relied

upon by the *Moog* panel indicates that, in certain instances, an overall failure to prosecute may support a frivolity determination.

**3.** This conclusion finds considerable support in several cases wherein the § 341 attendance requirement has been waived. *See, e.g., In re O'Donnell,* 43 B.R. 679 (Bankr.E.D.Penn.1984); *In re Edwards,* 2 B.R. 103 (Bankr.S.D.Fla.1979); *In re Stewart,* 14 B.R. 959 (Bankr.N.D.Ohio 1981); *In re Sullivan,* 30 B.R. 781 (Bankr.E.D. Penn.1983).

§ 341 meeting is found to be a part of an evidentiary tapestry illustrating that the debtor is enjoying the benefits and protections of the bankruptcy laws while not actively reorganizing or providing creditors with needed information, dismissal may be appropriate. Such a finding would not be precluded by the absence of evidence of willfulness on the debtor's part.[4] However, where, as here, there is no other clear evidence of contumacious conduct, and the debtor establishes good cause through credible evidence for his failure or inability to attend the § 341 meeting, *Stewart*, 14 B.R. at 961; *O'Donnell*, 43 B.R. at 680, and reasonable alternative sources of information are made available to creditors,[5] *sua sponte* dismissal is inappropriate.[6]

### B. *Bad Faith/Frivolous Petition*

For the principle that frivolous petitions are subject to *sua sponte* dismissal, the *Moog* court cites *Furness v. Lilienfield*, 35 B.R. 1006 (Bankr.D.Md.1983). In that decision, the court first articulated the firmly established principle that Chapter 11 impliedly requires "that a petition be filed in good faith." *Furness* at 1011. The court went on to find that "this good faith requirement provides courts with the necessary tool to circumvent a petitioner's attempt to commit fraud on the court. Thus, petitioners with demonstrably frivolous purposes, absent any economic reality are forestalled from invoking the protections of the bankruptcy laws." *Id; see also In the Matter of Northwest Recreational Activities, Inc.*, 4 B.R. 36, 39 (Bankr.N.D.Ga. 1980) (requirement of good faith protects integrity of court from petitioners with de-

monstrable frivolous purposes absent any economic reality).

■ In the context of a bankruptcy proceeding, "good faith" requires "an honest intent and genuine desire on the part of the petitioner to use the statutory process to effect a plan of reorganization and not merely as a device to serve some sinister or unworthy purpose." *In re Metropolitan Realty Corp.*, 433 F.2d 676, 678 (5th Cir.), *cert. denied*, 401 U.S. 1008, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1970). Thus, a bankruptcy court would be justified in dismissing a petition *sua sponte* should it determine, for example, that the case was filed merely to delay creditors, or that it involves no real debt or creditors, or that the debtor has no real assets to protect. *Moog* at 1076 (citing *In re Century City, Inc.*, 8 B.R. 25 (Bankr. D.N.J.1980) and *In re Dutch Flat Investment Company*, 6 B.R. 470 (Bankr.N.D. Calif.1980)). "As soon as the lack of good faith affirmatively appear[s], the court act[s] properly in dismissing the petition even though the plan stage [has] not been reached." *Metropolitan Realty Corp.* at 679.

■ In the present case, the court finds no evidence of bad faith or frivolity. There is no reason to question the credibility of appellant's evidence concerning his health problems. Moreover, credible evidence exists that, despite his ill health, appellant "is fully capable of advising and instructing his ... attorneys ... and of managing his affairs, so long as he does not engage in any stressful activity." Paulk Aff., ¶ 6; *see also* Affidavit of William L. Norton, Jr.,

---

**4.** Though this is a factor which the court may, in its discretion, take into account. *Veazey*, 644 F.2d at 477–78.

**5.** Appellant has proposed an alternative discovery technique to which no creditors have objected. In his motion for protective order, appellant proposed that "any and all creditors which may have questions they wish to propound on the debtor [may do so] in writing, and debtor will answer these written questions under oath...." Motion at 3.

**6.** *Compare In the Matter of Zwart*, 722 F.2d 1258 (5th Cir.1984), wherein the Fifth Circuit Court of Appeals reviewed a bankruptcy court's *sua*

*sponte* dismissal of a Chapter 11 petition pursuant to a local rule equivalent of Rule 41 (failure to prosecute). In reversing the order of dismissal, the court stated "In order for courts to be able to control their increasingly crowded dockets, they must be able to dismiss ... cases which are inactive for long periods of time without good cause. However, [this] power ... must be carefully restricted to cases which are in fact dormant." *Zwart* at 1260–61. The court agrees. At a minimum, the debtor should be allowed an opportunity to demonstrate that the purposes of the Bankruptcy Code are otherwise being served, even by "behind the docket" activity.

¶ 5. As mentioned previously, an alternative discovery technique has been proposed and has met with *no objections from any interested party.* Moreover, as of the filing of this appeal, all information requested of appellant by creditors has been furnished, Harmon Aff., ¶ 5, and the disclosure statement and plan of reorganization have been submitted. *Id;* Exhibit C–D. In short, there is no evidence that appellant's Chapter 11 petition was filed to delay creditors or for any other improper purpose, nor that the purposes of the Bankruptcy Code cannot be served despite appellant's health problems and inability to attend the § 341 meeting. Indeed, the record indicates that appellant's health problems contributed to his decision to seek the protection of the bankruptcy laws as well as his inability to attend the meeting of creditors. Since such situations were clearly envisioned by the drafters of the Bankruptcy Code, denying appellant its protections essentially because of his poor health would seem to contradict legislative intent. Accordingly, the court finds that the bankruptcy court's dismissal of appellant's Chapter 11 petition as having been filed "for frivolous purposes absent any economic reality," February 9, 1987 Order at 6, was clearly erroneous and is hereby REVERSED.

### III. CONCLUSION

The court finds that the bankruptcy court's February 9, 1987 order of dismissal is clearly erroneous. Accordingly, it is REVERSED and this action is REMANDED.