**In re Judy OWENS, Debtor.**

**Bankruptcy No. 98–10766.**

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

May 18, 1998.

Ken Walker, Lexington, TN, for Debtor.

Ted Hunderup, Humboldt, TN, Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER RE MOTION TO EXCUSE DEBTOR FROM 341 MEETING OF CREDITORS AND TRUSTEE'S OBJECTION THERETO

G. HARVEY BOSWELL, Bankruptcy Judge.

The debtor in this case, Judy F. Owens, ("Owens"), filed her petition for Chapter 7 bankruptcy relief on February 26, 1998. Approximately one week later, the U.S. Trustee sent notice to the Court and all interested parties that Owens' § 341 meeting of creditors had been scheduled for March 31, 1998. On March 23, 1998, the debtor filed a motion to excuse her attendance at such meeting alleging that her father was critically ill in Florida and that she was the only family he had to stay with him. Owens further requested that the § 341 meeting be conducted either telephonically or by written interrogatories.

Owens' § 341 meeting was continued until April 14, 1998. In light of her pending motion, Owens did not appear on April 14. The "Clerk's Record of Meeting of Creditors" filed on April 16, 1998, requested dismissal of the case based on the debtor's failure to attend. On April 17, 1998, the Chapter 7 Trustee filed an "Objection to Debtor's Motion to Excuse Debtor From Meeting of Creditors," in which he alleged that the debtor's request to conduct the § 341 meeting telephonically or by written interrogatories was not supported by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. The Trustee also alleged that the relief requested by Owens placed an "onerous burden" on the Trustee and Owens' creditors.

The Court conducted a hearing on Owens' motion and the Trustee's objection thereto on April 22, 1998. FED.R.BANKR.P. 9014. Pursuant to 28 U.S.C. § 157(b), this is a core proceeding. This memorandum opinion shall serve as the Court's findings of facts and conclusions of law. FED.R.BANKR.P. 7052.

In ruling on the debtor's motion and the trustee's objection thereto, the Court must first determine if there are any circumstances under which a debtor's attendance at the § 341 meeting of creditors may be waived. Should the Court discover that there are no exceptions, the inquiry is over and the debtor's motion is denied. If, however, the Court finds that the Bankruptcy Code does indeed dispense with a debtor's attendance in certain circumstances, the facts in the case at bar must be examined to see if they fall within the exception before a definitive answer may be had.

Section 343 of Title 11 of the U.S.Code states that "[t]he debtor *shall* appear and submit to examination under oath at the meeting of creditors under section 341(a) of this Title." 11 U.S.C. § 343 (emphasis added). The majority of courts faced with interpreting this section have held that, despite the mandatory language of the section, "there are occasions when the attendance at a 341 meeting by a debtor may be waived...." *In re Stewart*, 14 B.R. 959, 960 (Bankr.N.D.Ohio 1981); *In re O'Donnell*, 43 B.R. 679 (Bankr.E.D.Pa.1984); *In re Sullivan*, 30 B.R. 781 (Bankr.E.D.Pa.1983); *In re Edwards*, 2 B.R. 103 (Bankr.S.D.Fla.1979).[1] The court in *Stewart* aptly set out the rationale for this type of interpretation:

> The word "shall" is generally construed to be mandatory in its meaning. This general rule gives way however where such a rule would defeat the purpose or spirit of an act. When a literal reading of a statute would defeat the statute's purpose or where extreme hardship would result from such a reading, the language may be read in such a manner as to be harmonious with the purpose of the statute. This may result in otherwise mandatory language being read in a permissive manner and vice-versa.

---

**1.** A minority of courts have found that a debtor's attendance at a 341 meeting is never excusable. See *In re Martin*, 12 B.R. 319 (Bankr.S.D.Ala. 1981). Because this Court finds that such a viewpoint is not grounded solidly in the equitable principles bankruptcy courts were meant to encompass, this Court rejects the minority's interpretation.

*Stewart*, 14 B.R. at 960–961 (citations omitted). Basing its decision on the Bankruptcy Code's self-espoused policy of giving the honest but unfortunate debtor a fresh start, the *Stewart* court concluded that there are situations in which interpreting § 343's "shall" as mandatory would frustrate the purpose of the Code. *Id.* at 961.

In *Stewart,* the debtor was unable to attend her § 341 meeting because she had been hospitalized for severe congestive heart failure. Both the debtor's physician and the debtor's attorney supplied the Court with letters stating that the debtor's health was such that making the trip to the courthouse for the meeting was too great a risk and that her condition was rapidly deteriorating. After considering these facts and this evidence, the court decided that if it did not waive Stewart's appearance at the § 341 meeting, "the fresh start to honest debtors will be denied this Debtor as this Court will have no alternative but to dismiss the Petition as against her." *Id.* The court further concluded that it did not believe "that Congress intended to deny the honest, but sickly debtor the privileges granted under the Bankruptcy Code to start one's economic life anew." *Id.*

Although the *Stewart* court found that "shall" as used in § 343 is somewhat pliable, it limited its holding to the specific facts before them and warned that the determination of whether or not a debtor's attendance at a § 341 meeting may be excused must be made on a case-by-case basis:

> [T]his decision herein is not to be construed as a "carte blanche" excuse for debtors to commence to fail to show for their First Meetings of Creditors and discharge hearings. It is a decision based on the equities and facts presented to the Court. The requirements of 11 U.S.C. Sections 343 and 524(d) will continue to be read by this Court as mandatory requirements except in those cases where as here, such a reading would frustrate Congressional intent and be inequitable to the concerned parties.

*Id.* So long as a debtor is able to show "good and sufficient reason" for his or her inability to attend the meeting, the debtor's presence may be excused. *Id.* In addition to being confined as the result of physical illness, being stationed outside the United States on military or religious duty has been held to be a valid excuse for not attending § 341 meetings. *Sullivan,* 30 B.R. 781; *Edwards,* 2 B.R. 103.

In another case finding that there are situations in which the debtor's attendance at the § 341 meeting of creditors may be waived, the court was careful to point out that even if the debtor's condition is such that his or her attendance is excusable, there must be sufficient evidence presented to the court before such a waiver may be granted:

> While we agree that the attendance at the 341 meeting may be waived where a good and sufficient reason is given, and regard an emotional disorder as such a reason, we do not consider counsel's statement, unsupported by a certification by the debtor's physician, as evidence upon which we may predicate a waiver of the debtor's appearance.

*O'Donnell,* 43 B.R. at 680 (citations omitted). Even if the reason offered by the debtor is "good and sufficient" enough to excuse his or her attendance, without the presentation of credible and persuasive evidence, a court is unable to waive § 343's requirement.

 Based on the foregoing analyses, this Court today holds that § 343's requirement that the debtor attend the § 341 meeting of creditors is not obligatory in every instance. If, in the words of the *Stewart* court, "good and sufficient cause" can be shown why the debtor's attendance should be excused and credible and persuasive evidence of the same is presented to the court, the debtor's attendance at the first meeting may be waived. If, on the other hand, either the cause or the evidence is lacking, "shall" in § 343 will be read as mandatory and the debtor will not be excused from attending the § 341 meeting.

 In the case at bar, the debtor has alleged that she is unable to attend her § 341 meeting because her father is hospitalized in Florida and she is the only family who can stay with him. While the Court sympathizes with the debtor and understands her desire

to stay with her ailing father, this simply does not rise to the level of the "good and sufficient cause" necessary to excuse a debtor from attending his or her meeting of creditors. If the debtor herself were ill and confined to the hospital, today's decision may perhaps be different. But that simply is not the situation in the case at bar. Here, the debtor is physically *able* to attend the meeting. She herself is not suffering from any physical condition that prohibits her from attending. Presumably, if her father is in the hospital, his medical and life-sustaining needs are being supplied by the nurses and physicians. No evidence has been presented to this Court that the debtor's father cannot exist without the benefit of his daughter's company and comfort for a few days.

It is admirable that the debtor cares enough about her father to pick up and move to another state hundreds of miles away to stay with him in his time of need, but it simply does not rise to the level of cause needed to transmute § 343's "shall" from a mandatory requirement to a non-obligatory directive that may be excused. Even in cases where the § 343 requirement is waived for a debtor serving in the military or a religious order, the debtor's inability to attend the § 341 meeting is based on the debtor being stationed *outside* the United States. Surely, if a debtor serving in the military is required to return from California to Tennessee to attend his or her first meeting, a debtor who is out of state for a non-work related reason must be required to do so also. If Owens truly cannot take two or three days and return to Tennessee for her § 341 meeting, perhaps the wisest thing for her to do would be to voluntarily dismiss her case here and re-file in Florida.

Given the proof currently before this Court, Owens' § 343 mandatory attendance at her first meeting of creditors will not be excused. The § 341 meeting will be reset to a later date and Owens will be required to appear in person. Should Owens fail to do this, her case will be dismissed. An order will be entered in accordance herewith.

### ORDER

It is therefore **ORDERED** that the Motion to Excuse Debtor from 341 Meeting of Credi-

tors is **DENIED** and that the Trustee's Objection Thereto is **SUSTAINED**.

It is further **ORDERED** that the § 341 Meeting of Creditors will be reset and that the debtor shall attend the meeting in person.

**IT IS SO ORDERED.**