**In re Curtis MOORE, Jr., Debtor.**

**No. 02–30907–SAF–13.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

June 27, 2002.

Lawrence Herrera, Dallas, TX, for Curtis Moore, Jr., Movant/Plaintiff.

Thomas Powers, Dallas, TX, for Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

On February 4, 2002, Curtis Moore, Jr., the debtor, filed a petition under Chapter 13 of the Bankruptcy Code. The debtor is currently incarcerated by the state of Texas, and will not be released for several months. On March 20, 2002, the debtor filed a motion to excuse his attendance at the creditors' meeting and debtor's seminar, and to permit the debtor to respond to written interrogatories. On April 11, 2002, the court orally denied that motion. On April 24, 2002, the court entered a written order denying the motion. Meanwhile, on April 19, 2002, the debtor filed a motion to allow his representative to appear at the creditors' meeting and to excuse the debtor's attendance at the debtor's seminar. The court conducted an evidentiary hearing on that motion on June 13, 2002.

The waiver of the debtor's attendance at the creditors' meeting and debtor's seminar constitutes a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. § 157(b)(2)(A). This memorandum opinion contains the court's findings of fact and conclusions of law. Bankruptcy Rules 7052 and 9014.

■ Section 341(a) of the Bankruptcy Code provides that a creditors' meeting "shall" be held within a reasonable time following the entry of the order for relief. Bankruptcy Rule 2003(a) sets the time frame for the meeting. The debtor "shall" appear at the § 341 meeting and undergo an examination, under oath, by the trustee and the creditors. 11 U.S.C. § 343. The primary purpose of the § 341 meeting is the examination of the debtor. The § 341 meeting permits the creditors to rigorously question the debtor on issues relating to dischargeability, estate administration, and the debtor's financial affairs. The meeting also allows the trustee to query about possible recoveries under the avoiding powers. Thus, the debtor's presence at the § 341 meeting is not merely ceremonial, but instead plays a pivotal role in providing the creditors and the trustee with valuable information regarding the debtor's financial situation.

Despite the mandatory language of § 343, some bankruptcy courts have excused the debtor from attending the creditors' meeting. Congress enacted the Bankruptcy Code to provide honest debtors with a fresh start. H.R.Rep. No. 595, 95th Cong., 1st sess. 117–18, 125, *reprinted* in 1978 U.S.Code Cong. & Ad. News 5787. Under the rules of statutory construction, if a literal interpretation of a statute either defeats the statute's purpose or causes an extreme hardship, then the language may be interpreted so that it is congruous with the statute's purpose. 2A Sutherland, Statutory Construction § 57.03 (4th ed.1984). Following this line of reasoning, several courts have rationalized their decisions to excuse a debtor's attendance by deferring to the legislative intent of the Bankruptcy Code, specifically the policy to provide the honest debtor with a fresh start. These courts reasoned that Congress' "goal would be defeated if courts denied fresh starts to honest debtors solely because they could not attend the § 341 meeting because of serious illness, involuntary confinement or other reasons beyond a debtor's control." *In re Vilt,* 56 B.R. 723, 725 (Bankr.N.D.Ill.1986); *See also In re O'Donnell,* 43 B.R. 679, 680 (Bankr. E.D.Pa.1984); *In re Stewart,* 14 B.R. 959,

961 (Bankr.N.D.Ohio 1981); *In re Rust,* 1 B.R. 656, 657 (Bankr.M.D.Tenn.1979). Courts have applied either a "Good and Sufficient Cause Test" or a "Three Part Exceptional Circumstances Test" to determine whether the debtor's absence could be waived. *See In re Muy Bueno Corp.,* 257 B.R. 843 (Bankr.W.D.Tex.2001); *In re Sochia,* 231 B.R. 158 (Bankr.W.D.N.Y. 1999); *In re Owens,* 221 B.R. 199 (Bankr. W.D.Tenn.1998); *In re Vilt,* 56 B.R. 723 (Bankr.N.D.Ill.1986); *In re Stewart,* 14 B.R. 959 (Bankr.N.D.Ohio 1981). Under this analysis, the word "shall" in § 343 is not mandatory and does not require the debtor's attendance in all cases. Instead, the debtor could be questioned by telephone, interrogatories or an examination at the debtor's prison. Moreover, some courts have found that examination of a co-debtor, business partner or a close relative would also be satisfactory.

This court respectfully disagrees with that line of cases. Under the plain language of § 343, the debtor "shall" appear at the § 341 meeting and submit to an examination, under oath, by the trustee and the creditors. *See also In re Martin,* 12 B.R. 319 (Bankr.S.D.Ala.1981). The application of a "Good and Sufficient Cause Test" or an "Exceptional Circumstances Test" converts this Congressional mandate into a discretionary standard. While the desire to provide the honest debtor with a fresh start is a goal of the Bankruptcy Code, the Code mandates that the debtor must fulfill certain statutory requirements in order to be entitled to receive this fresh start. One of those obligations is the debtor's mandatory attendance at the § 341 meeting. "The law is clear. Appearance at a Section 341 meeting is mandatory. It is not waivable." *In re Keiser,* 204 B.R. 697, 700 (Bankr.W.D.Tex.1996) (citations omitted).

■ That is not to say that the court lacks discretion concerning how the debtor shall attend the meeting, as contrasted with whether the debtor shall attend. The Code does not mandate the structure of the meeting. The Code does not direct whether the trustee may employ modern communication facilities to conduct the meeting. Instead, the trustee has discretion over these matters. A party in interest, including the trustee, may request court review of the manner of conducting the meeting. Similarly, the court may determine how a debtor attends the meeting based on the facts and circumstances of a case. For example, in cases involving joint debtors, in which one debtor is incapacitated, the physical presence of the other co-debtor at the meeting, with the incapacitated debtor available by phone, would provide the functional equivalent of both debtors' physical attendance.

Alternatively, if an individual debtor was physically incapacitated, then the court could allow the debtor to appear either telephonically or by video conference. Similarly, if the debtor was in the military and stationed abroad, then the court could permit the debtor to appear via video or telephone. Alternatively, the trustee could provide a continuation until the debtor's military assignment permitted physical or functional attendance.

■ In the case at bar, the debtor filed a motion to allow the debtor's representative to appear at the creditors' meeting and to excuse the debtor's attendance at the debtor's seminar. The debtor's representative is neither the debtor's spouse nor a co-debtor. She is neither a legal guardian nor a trustee. Although the debtor has given her a power of attorney, that does not elevate her to the functional status of the debtor, under law. The debtor is unavailable because he is incarcerated. Incarceration is not the same as a

physical illness or incapacity. The debtor cannot arrange to attend the meeting by telephone or video conference, with or without his representative being physically present. Interrogatories do not amount to attending the meeting, as they are more like the functional equivalent of the debtor's schedules and statement of financial affairs, and do not substitute for an oral examination based, in part, on schedules and statement of financial affairs.

The debtor has not established an alternative method to functionally attend the meeting of creditors.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED.**